R. S. PARKER v. OLEY RICHOLSON, *as Sheriff of Elk County, et al.*

1. BURDEN OF PROOF—*No Cause for Reversal.* When at the trial a party voluntarily assumes the burden of proof, it is not cause for the reversal by this court of a judgment rendered against him, that the burden of proof was cast by the pleadings on the other party.

2. ———— *Harmless Error.* The admission of immaterial evidence is not cause for reversal.

*Error from Elk District Court.*

THE opinion, filed on May 9, 1891, contains a sufficient statement of the case.

*Mechem & Smart*, for plaintiff in error.
*R. H. Nichols*, for defendants in error.

Opinion by SIMPSON, C.: R. S. Parker commenced an action in replevin in the district court of Elk county against Richolson and H. and Winfield Baird, claiming that he had a special interest in and the right to the immediate possession of certain horses described in a chattel mortgage made by H. Baird to W. D. Parker on the 11th day of March, 1887, to secure a promissory note for $700 of that date, payable on or

before the 18th of December, 1890, with 10 per cent. interest, payable annually, made by Baird and in favor of W. D. Parker, and assigned by W. D. Parker to R. S. Parker on the 9th day of February 1888; that said chattel mortgage was renewed by affidavit as provided by law, and kept in force and effect. Richolson and other parties defendant filed a general denial, and a jury was waived and a trial had by the court that resulted in a general finding and judgment in favor of the defendants in error. Certain judgment creditors of W. D. Parker, by proceedings in aid of execution, procured the appointment of Richolson as receiver of the property of Parker, and the mortgaged chattels, for the recovery of which this suit was brought, were in the possession of the receiver. At the trial, the sole question of fact was as to the ownership of the note and chattel mortgage executed by H. Baird to W. D. Parker. The plaintiff in error claimed to be the owner by virtue of a purchase from his father, W. D. Parker; while, on the other side, the creditors of W. D. Parker claimed that he was the owner, and that his son was aiding him in an attempt to defraud his creditors.

Whatever may be the technical construction of the pleadings, the case was tried by both sides upon the theory that the main question was whether the note and chattel mortgage were the property of the father or the son, and upon this issue the plaintiff in error voluntarily assumed the affirmative. It is now too late to complain of the order of trial, the burden of proof, or the condition of the pleadings. The renewal affidavit made by W. D. Parker, the notice of sale, in which he described himself as mortgagee, his continued possession of the note and chattel mortgage, his apparent complete control and exclusive management of the entire business, are enough to enable us to say that there is some evidence to sustain the general finding of the trial court.

Complaint is made of the admission of the proceedings in aid of execution before the probate court, but it is a glittering generality, and does not specifically point out particular parts as erroneous. A part of these proceedings was an absolute

necessity so far as Richolson was concerned, because by them alone was he connected with this controversy. These proceedings were admissible to show the official character of Richolson, his right to the possession of the mortgaged property, and to fix his *status* in the litigation. They may not have been the best or the original evidence of the indebtedness of Parker, the father, or to establish some other facts; but being admissible to establish necessary things, we are not to infer that they were used for other things prejudicial to this plaintiff in error, without some showing to that effect.

Again, the material and controlling fact was as to the ownership of the note and chattel mortgage. All other facts were subordinate and perhaps immaterial, and hence we say that all parts of the transcript of the supplemental proceedings in aid of execution except such as showed the appointment of the receiver and his authority to take possession of the mortgaged property were, under the theory of the trial court, immaterial.

As we have said, there is evidence sufficient to sustain the general finding, and we can only recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.