ZIEHME, Appellant, v. HARRIS et al., Respondents.

St. Louis Court of Appeals, February 18, 1908.

PRACTICE: Instruction: Self-invited Error. An appellant can not complain that the court gave instructions which he himself asked nor that the court gave erroneous instructions at the instance of the opposing party on the theory which he himself assumed.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*A. Mullinix* for appellant.

(1) The consideration of negotiable paper in the hands of a bona fide holder for value before maturity cannot be inquired into; *mala fides* alone can open the door to such inquiry. Gross negligence is not sufficient, but actual notice of the facts which impeach the validity of the notes must be brought home to the holder. Mays v. Robinson, 93 Mo. 114. (2) This case is on all fours with the cases cited below and is conclusive. Bank v. Hammond, 104 Mo. App. 403; Wilson v. Riddler, 92 Mo. App. 335; Hahn v. Bradley, 92 Mo. App. 399; Bank v. Leeper, 121 Mo. App. 688.

*N. B. Wilkinson* for respondents.

That the instructions on the question of fraud in procuring the notes were correct, see Bank v. Hammond, 104 Mo. App. 403; Same case, 124 Mo. App. 177; Hahn v. Bradley, 92 Mo. App. 399.

BLAND, P. J.—The action is on two promissory notes for $52.77 each, and was commenced before a justice of the peace. The verdict in the justice's court was for defendants. Plaintiff appealed to the circuit court, where on a trial *de novo* the verdict was again for defendants. The evidence shows that defendants are small, inexperienced and unsophisticated country merchants at Hutton Valley, in Howell county, Missouri; that about the first of October, 1906, an agent or salesman of the St. Louis Jewelry Company appeared at defendants' store and offered to sell them a certain quantity of jewelry for $210, guaranteeing that all the articles were gold plated and would wear for five years; that the agent stated that if defendants did not sell $52 worth of jewelry in six months the company would take it all back, and also offered to furnish free an artistic showcase in which to exhibit the jewelry, and to make a lot of valuable presents to persons to be designated by defendants to induce them to advertise the jewelry among their friends and neighbors. The agent was in a hurry to catch a train and procured defendants' signatures to the contract to purchase the jewelry before they had sufficient time to consider the proposition. A few days after signing the contract the jewelry arrived and in a few days thereafter, before defendants had had time to ascertain the quality of the jewelry, the notes in suit arrived with the request that defendants execute and return them to the jewelry company at the city of St. Louis, which they did. A few pieces of the jewelry were sold and in a little while thereafter showed up brassy and were returned to defendants. Defendants

then had the stuff examined by an experienced jeweler, who pronounced and testified that it was not gold plated but gold washed jewelry and of but little value. After learning they had been swindled defendants offered to return the goods to the St. Louis Jewelry Company and to pay for the little they had sold. The jewelry company refused their offer. On the maturity of the first note it was sent to the bank at Willow Springs for collection. Defendants refused to pay. On the maturity of the second note this suit was brought by plaintiff, who claims to be the assignee of the notes for value. The notes are negotiable. Plaintiff testified that he was a note broker in the city of St. Louis and bought the notes of the St. Louis Jewelry Company for value before maturity, without any notice of any infirmity in the notes. The notes were indorsed to plaintiff without recourse. Plaintiff testified he did not know defendants at the time he bought the notes; that he made no inquiry about them at the time, and failed to state what, if anything, he paid for the notes. The defense was that the notes were obtained by false and fraudulent representations and were given without consideration.

On the part of plaintiff the court instructed the jury as follows:

"2. The jury is instructed that if you find from the evidence that the plaintiff purchased said notes before maturity in good faith and for valuable consideration, without any knowledge of the false and fraudulent representations on the part of the St. Louis Jewelry Company, then you will find the issues for the plaintiff on each count of said petition and for the sum of fifty-two and 77-100 dollars each and with interest from maturity thereof at six per cent to the present time.

"3. The court instructs the jury that although you may believe that the St. Louis Jewelry Company obtained the notes in question by false and fraudulent representations, still you should find for the plaintiff

if you believe he bought such notes before maturity for a valuable consideration in good faith, without any knowledge of such fraud on the part of the St. Louis Jewelry Company.

"4. The court instructs the jury that although you may believe there was a failure of consideration of the notes in question you must still find for the plaintiff if you believe he bought such notes and the St. Louis Jewelry Company assigned them to him for value before plaintiff had knowledge of such failure of consideration; and it devolves upon the defendants to establish the failure of consideration and knowledge thereof on the part of the plaintiff, before or at the time of such purchase by the greater weight of evidence."

Defendants' instructions were a counterpart of those given for plaintiff, adding that should the jury find the notes were obtained by fraud and false representations and without consideration, then the burden was on plaintiff to prove that he was an innocent purchaser for value. Plaintiff assigns as error the giving of all of the instructions. He cannot complain because the court gave instructions which he asked for himself, nor is he in a position to complain that defendants accepted an erroneous theory of the law of the case assumed by him. We do not hold that the instructions are erroneous, but decide that plaintiff cannot complain of error if there was error, which he invited. Plaintiff also assigns as error the refusal of the court to give his peremptory instruction to find for him at the close of all the evidence. An examination of the abstract of the record fails to disclose that any such instruction was asked. No reversible error appearing, the judgment is affirmed. All concur.