[Civil No. 1663.   Filed March 31, 1919.]

[179 Pac. 641.]

COPPER STATE MINING COMPANY, a Corporation, Appellant, v. H. E. KIDDER and F. BURNS, Appellees.

1. MINES AND MINERALS—ABANDONMENT OF CLAIM—BURDEN TO SHOW. Where a mining location is made on ground abandoned or forfeited for failure to do the annual work or improvement, the burden of showing abandonment or forfeiture is upon the junior locator.

2. APPEAL AND ERROR—ERROR INVITED—INSTRUCTION MISSTATING BURDEN OF PROOF.—Senior locator of mining claim, which as against junior locators voluntarily assumed burden of proof on issue of abandonment or forfeiture of claim by failure to do annual assessment work, will not be heard on appeal to predicate error on instruction, which improperly stated that burden of proof was on it to show it had done the work; no question as to where burden lay having been made by it until after verdict against it.

3. EVIDENCE—BURDEN OF PROOF—OPENING AND CLOSING.—The usual rule is that the burden of proof is on him who assumes it by opening and closing the evidence and argument on the issues involved.

4. STIPULATIONS—INTERROGATORIES—PRECLUSION FROM CLAIMING ERROR. Where parties stipulated that, though two interrogatories might in-

volve a question of law, they were agreed to, and any legal objections waived, appellant will not be heard to complain of such interrogatories on such ground.

[As to burden of proving abandonment of mining claim, see note in **87 Am. St. Rep.** 414.]

APPEAL from a judgment of the Superior Court of the county of Graham. A. G. McAlister, Judge. Affirmed.

Mr. John B. Wright, for Appellant.

Mr. F. C. Struckmeyer, for Appellees.

ROSS, J.—The appellant, claiming to be the owner of the Rough Rider and La Union mining claims, situate in the Bunker Hill mining district, Graham county, brought this action to establish and quiet its title thereto as against appellees, who, it is charged by complaint, "wrongfully and without right entered in and upon the said Rough Rider and La Union claims, and attempted to locate two mining claims, the said mining claims of defendants, being named by them the "New York and California No. 1" and the "New York and California No. 2."

Appellees, in their answer, as an affirmative defense, set forth that the Rough Rider and La Union as valid mining claims "had ceased and determined, and had become of no effect, prior to the location of said property by defendants, by reason of the failure of the plaintiff to comply with the requirements of law with respect to location and assessment work upon said property," and prayed that their title to the New York and California Nos. 1 and 2 be quieted.

It will thus be seen that the issue made by the pleadings was as to whether or not the appellant had done and made $100 worth of work and improvements for the year 1915 upon each of the mining claims known as Rough Rider and La Union. The case was tried to a jury, to which four interrogatories were submitted as follows:

"(1) Did the plaintiff corporation perform work and labor to the value of one hundred dollars upon the Rough Rider claim for the year 1915?

"(2) The same question with reference to the La Union mining claim.

XX Ariz.—**15**

"(3) Did defendants perform all of the acts of location in conformity with the statutes of Arizona in the attempted location of the New York and California No. 1 claim?

"(4) The same question with reference to the New York and California No. 2 claim.

The first two questions were answered by the jury in the negative, and the last two in the affirmative. This appeal is from the order overruling a motion for a new trial, and from the judgment quieting the title of appellees to the New York and California Nos. 1 and 2 mining claims.

The errors assigned are three, as follows:

1. "The court erred in its refusal to grant appellant's motion for judgment in its favor and for an instructed verdict in its favor upon the following grounds: . . . "

The trouble with this alleged error is that it does not seem to be predicated upon the record. Appellant has not pointed out to us any motion made by it "for judgment in its favor and for an instructed verdict in its favor." If any such motion was made, or if any order of the court denying such motion was entered, they do not appear in the abstract and are not noticed in the clerk's minutes as certified to this court, nor indeed may they be found anywhere in the record. Since no such motion was made on the grounds set forth, or any other grounds, no ruling thereon by the court was possible, and for that reason this assignment must fail.

2. It is next contended that the court erroneously instructed the jury that the burden of proof was upon the appellant to show that it had done the annual assessment work upon the Rough Rider and La Union mining claims for the year 1915. Such an instruction was in fact given. Now, it is well settled that where a mining location is made, as in this case, upon ground as abandoned or forfeited for failure to do the annual work or improvement, the burden of showing abandonment or forfeiture is upon the junior locator. This has been the ruling of the supreme court of the United States, as well as our highest court. *Hammer* v. *Garfield Mining Co.*, 130 U. S. 291, 32 L. Ed. 964, 9 Sup. Ct. Rep. 548; *Providence Gold Mining Co.* v. *Burke*, 6 Ariz. 323, 57 Pac. 641; *Cunningham* v. *Pirrung*, 9 Ariz. 288, 80 Pac. 329.

Appellees admit that the court misdirected the jury, but contend the judgment should not be reversed for that reason because the appellant at the trial assumed the burden of proof

by its conduct in opening and closing the case in evidence and argument. We find the fact to be that appellant, on the issue of failure to do the assessment work for the year 1915, did proceed, in the opening of its case, to offer evidence to establish that the annual work had been done upon each of the claims known as the Rough Rider and La Union for the disputed year 1915, and to that end introduced an affidavit of assessment work having been done for that year; also the oral testimony of its superintendent. Thereafter appellees introduced their evidence upon that issue. No question as to where the burden of proof lay was made by appellant until after the verdict of the jury was found to be against it. Then, for the first time, in a motion for a new trial, the erroneous instruction was assigned as a ground for setting aside the verdict. We think the rule of law stated below should control in this case:

"One who voluntarily assumes the burden of proof will not be heard on appeal or error to assert that the burden was on the other party." 4 Corpus Juris, 715.

"When at the trial a party voluntarily assumes the burden of proof, it is not cause for the reversal by this court of a judgment rendered against him, that the burden of proof was cast by the pleadings on the other party." *Parker* v. *Richolson et al.,* 46 Kan. 283, 26 Pac. 729.

"Appellant may not complain of instructions given at the request of the opposite party where they were predicated on an erroneous theory of the law of the case assumed by appellant." *Ziehme* v. *Harris,* 129 Mo. App. 189, 108 S. W. 131.

We have no doubt that the mere suggestion to the learned trial judge that the burden of proof on the contested issue of forfeiture was upon the appellees would have called forth a correct statement of the law. The misdirection was but the natural result of the conduct of the trial; the usual rule being that the burden of proof is upon him who assumes it by opening and closing the evidence and argument upon the issues involved.

3. Lastly, complaint is made that the third and fourth interrogatories submitted to the jury called for conclusions of law, and not of fact. It is said this was error. Granting that the form of these two questions is objectionable, the appellant ought not to be heard to say so, as it was stipulated by the parties:

"That notwithstanding the fact that questions 3 and 4 may involve a conclusion of law, the same are agreed to between the parties hereto and any legal objections thereto waived." See 4 Corpus Juris, 712.

The judgment is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.

Authorities discussing the question of relocation of mining claim as abandoned or forfeited generally, are collated in a note in 68 **L. R. A.** 833; particularly on the question of burden of proof, see page 847 of above note.