ROSWELL BOWERS and Another v. M. C. WHITNEY.[1]

December 26, 1902.

Nos. 13,355—(188).

**Statute of Frauds—Memorandum.**

> A memorandum of an oral contract for the sale of chattels, subscribed by the seller only, which is in these words: "I hereby agree to deliver at Cable eight hundred bushels of No. 2 rye to Bowers Bros. on or before September 25, 1901. Price to be 36 cents per bushel,"—is a sufficient memorandum of the contract to satisfy the statute of frauds, as to the party subscribing it, and against whom the contract is sought to be enforced.

Action in the district court for Stearns county to recover $112 for breach of contract to sell and deliver to plaintiffs eight hundred bushels of rye. The case was tried before Searle, J., who dismissed the action upon the close of plaintiff's testimony. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*Stewart & Brower*, for appellant.

*J. D. Sullivan*, for respondents.

START, C. J.

The complaint herein alleged that on July 9, 1901, the defendant agreed to sell and deliver to the plaintiffs at Cable station, in the county of Sherburne, on or before September 25, 1901, eight hun-

[1] Reported in 92 N. W. 540.

dred bushels of rye, at and for the agreed price of thirty-six cents per bushel, which the plaintiffs agreed to pay therefor; that the defendant did not deliver the rye, whereby they were damaged in the sum of $112. The answer denied the making of the contract.

On the trial of the action, the plaintiffs offered in evidence a memorandum in writing, signed and delivered by defendant, which was in these words:

"I hereby agree to deliver at Cable eight hundred bushels of No. 2 rye to Bowers Bros., on or before September 25, 1901. Price to be 36 cents per bushel. .                    M. C. Whitney.
    Witnesses:
        Leland Coates,
        Bowers Bros."

In connection with this offer, they also offered to show by parol evidence that at the time the memorandum was taken the plaintiffs agreed to receive and accept the eight hundred bushels of rye, and pay the defendant therefor thirty-six cents per bushel, and that he refused to deliver the rye, although it was demanded, whereby the plaintiffs sustained damages in the amount claimed.

The defendant objected to these offers, because the proposed evidence was incompetent and immaterial, in that the memorandum was unilateral, without consideration, and did not purport on its face to be a sale of any property, and that the oral evidence offered tended to contradict a written instrument.

The trial court sustained the objections, and, the plaintiffs offering no further evidence, dismissed the action. They excepted to each ruling, and upon a settled case moved the court for a new trial. The court made its order granting the motion, from which the defendant appealed. If the trial court erred in excluding the evidence offered, its order granting a new trial was correct, and must be affirmed, otherwise reversed.

It is the contention of the defendant that the memorandum was the contract of sale itself, and, being in writing, could not be modified by parol evidence, and that it was without consideration and void for want of mutuality. It is true that oral evidence is not admissible to supply any omissions in the written memorandum which are essential to charge the party signing it. Brown

v. Sanborn, 21 Minn. 402. An oral contract for the sale of chattels exceeding in value $50 is void, unless "a note or memorandum of such contract is made in writing and subscribed by the parties to be charged therewith." G. S. 1894, § 4210. The statute indicates a difference between a contract in writing and a note or memorandum in writing of an oral contract. It concerns oral contracts only, and applies to their enforcement when the party to be charged has subscribed a memorandum thereof. It is only necessary for the party to be charged to sign the memorandum. Morin v. Martz, 13 Minn. 180 (191); Browne, St. Frauds, §§ 344, 345a, 354a.

The statute does not provide that the contract for the sale of goods exceeding in value $50 shall be void, unless it is in writing. The sole condition is that there must be a written note or memorandum thereof, subscribed by the party to be charged. Hence the writing in this case was not the contract between the parties. Their contract was the oral one which the plaintiff sought to prove, and the writing the memorandum thereof signed by the party (the defendant) to be charged. The contract of the parties was not unilateral and without consideration, for the plaintiffs agreed to receive the rye and pay therefor the stipulated purchase price. At most, the remedies of the parties for the enforcement of the contract were not mutual, because the plaintiffs took the precaution to secure the signature of the defendant to a written memorandum of the contract, while the defendant did not take one from the plaintiffs. This, however, did not make the contract itself void for want of mutuality. Browne, St. Frauds, § 366.

The question whether the memorandum in this case was sufficient to satisfy the statute of frauds, so as to enable the plaintiffs to enforce the contract for the sale of the rye which they offered to prove, is not an open one in this state. In the case of Morin v. Martz, supra, which was approved in Wemple v. Knopf, 15 Minn. 355 (440), the action was brought to recover damages for a breach of a contract on the part of the defendants to deliver four thousand bushels of wheat at $1.10 per bushel. The memorandum of the contract signed by the defendants was in these words·

"St. Paul, April 27, 1866.

"We, the undersigned parties, have sold this day to Mr. H. Morin, of St. Paul (the plaintiff), four thousand bushels of No. 1 wheat, at one dollar and ten cents per bushel, to be delivered and shipped on board of boat at Strait Landing. Two thousand bushels to be shipped on or before the fifteenth day of March, 1866, and the balance to be shipped during the balance of said month."

In legal effect there is no essential difference between this memorandum and the one here under consideration, and this court held in the case cited that the memorandum was sufficient to satisfy the statute of frauds, and that the plaintiff was entitled to recover his damages for a breach of his contract.

The defendant further claims that the writing signed by him in this case does not purport to be a memorandum of any contract to sell the rye, but simply to deliver it to the plaintiffs at thirty-six cents per bushel. It is clear, and we so hold, that the word "deliver" in the memorandum imports a sale and delivery of the rye. We hold that the memorandum in this case was sufficient to satisfy the statute of frauds, and that the court erred in excluding the offered evidence, and rightly granted a new trial of the action.

Order affirmed.