BAILEY et al. v. LEISHMAN et al.

No. 1700. Decided March 5, 1907 (89 Pac. 78).

1. FRAUDS, STATUTE OF—MEMORANDUM—SIGNATURE BY ONE PARTY ONLY. A memorandum of an offer to sell seed, subscribed by the seller only, is sufficient to satisfy the statute of frauds, requiring a memorandum of a contract to be made in writing and subscribed by the party to be charged, as to the party subscribing it, and against whom the action is brought.

2. SALES — CONSIDERATION—MUTUAL PROMISES. Where an offer in writing to sell seed is accepted by another, the law implies from such acceptance a promise to receive and pay for the seed, and such promise is sufficient to support the offer to sell.

3. CONTRACTS—ACTIONS FOR BREACH—COMPLAINT—SUFFICIENCY. An allegation in an action for the breach of a contract, that a certain written contract was "entered into" is sufficient to admit proof that a memorandum thereof was delivered.

4. SAME. An allegation in an action for the breach of a contract, that the parties "entered into" a certain written contract is sufficient to admit proof of a parol acceptance by plaintiffs of an offer made in writing by defendants.

5. SALES—BREACH OF CONTRACT—COMPLAINT. In an action for the breach of a contract to sell seed, it was alleged that ten days or less after the making of the contract was a reasonable time within which to deliver the seed, and that the buyers made several demands for the seed; the last of which was about three weeks subsequent to the offer. *Held*, that an acceptance of the offer to sell might be shown under the allegations of demand; and it being a question for the jury whether the acceptance was made within a reasonable time, and whether the sellers had had a reasonable time to deliver after acceptance, the complaint was sufficient on demurrer.

McCARTY, C. J., dissenting in part.

APPEAL from District Court, First District; W. W. Maughan, Judge.

Action by John H. Bailey and others against Andrew Leishman and another. From a judgment dismissing the action plaintiffs appeal.

REVERSED AND REMANDED, WITH DIRECTIONS.

*J. H. Bailey, Jr.*, and *Ray Van Cott* for appellants.

*Frank K. Nebeker* for respondents.

FRICK, J.

This is an action for damages for breach of an alleged contract. The question for determination arises upon the sufficiency of the complaint. The material allegations of the complaint are, in substance: That on the 16th day of October, at Wellsville, Utah, the plaintiffs (appellants) and defendants (respondents) entered into a certain written contract in words and figures as follows: "Oct. 16, '03. I hereby sell and agree to deliver to Bailey & Sons at their place of business in Logan City, Utah, 125 bushels of lucern seed at the rate of 10 3-4 cents per pound after same seed is recleaned; said seed to be in said David & Andrew Leishman's sacks. [Signed] Andrew Leishman. David Leish-

man." That by the terms of said contract the defendants had agreed to deliver the said seed to the plaintiffs at said Logan City within a reasonable time. That ten days or less after the making of said contract was a reasonable time within which to deliver the said seed, and the said defendants could have delivered the same to plaintiffs within said time had they chosen to do so. That plaintiffs have at all times been able and willing to purchase from defendants said seed at the rate of 10 3-4 cents per pound as expressed in the memorandum of agreement. That plaintiffs at all times have been ready, willing and able to pay said defendants said 10 3-4 cents per pound for said seed upon the delivery and recleaning thereof. That said defendants have wholly failed and neglected to deliver said seed, or any part thereof. to plaintiff, and have refused to deliver said seed or any part thereof notwithstanding that "plaintiffs on the 7th day of November, 1903, and at divers other times prior thereto, demanded of the said defendants that they deliver the said seed in accordance with the terms of the said agreement between the said parties." That by reason of the failure to deliver said seed plaintiffs alleged that they have been damaged in the sum of $150, for which they demand judgment. Respondents demurred to this complaint upon various grounds, but rely upon one ground only in their brief and argument, which is that the complaint does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and appellants electing to stand upon their complaint, a judgment dismissing the action was duly entered against them, from which judgment they appeal.

The only error assigned is that the court erred in sustaining the demurrer. Respondents' counsel contends that the complaint is insufficient, and that the ruling of the court is correct, and in support of his contention urges, in substance, the following reasons: (1) That the memorandum relied on is signed by respondents only, that no consideration is mentioned, and that the memorandum contains no promise on the part of appellants binding them. (2) That the appellants do not aver any consideration for the promise of re-

spondents, that there is no allegation of the execution or delivery of said memorandum, nor that the appellants agreed to purchase the seed. (3) That the complaint discloses that the original statement was, in effect, an offer merely, and that the words "hereby sell" mean "hereby agree to sell." (4) That the alleged agreement is unilateral, binding appellants to nothing, leaving them free to pay for the seed or not, to accept the seed after tender to them or not, and to pay for the same at the rate mentioned or not; that the memorandum is merely an attempt to bind the sellers without imposing any liability on the purchasers. The foregoing, we think, fairly summarizes all the reasons counsel relies on to sustain the court's ruling.

For the purposes of this decision, we will assume the contention of counsel for respondent that the memorandum sued on is a mere offer to sell made by respondents to appellants. As an offer, therefore, it was subject to acceptance by appellants, and was not intended as a complete contract, and would not be such unless and until acceptance. In this view it may not have been the intention of the parties that the memorandum should be signed by both, at its inception at least. When the offer was accepted, however, by appellants, it was thereby converted into a complete contract; the respondents being bound to sell and deliver the seed, and the appellants, by a promise the law implied from acceptance, bound to receive and pay therefor. True, appellants might have accepted the offer by writing such acceptance on the memorandum and have signed it, but such was not necessary to bind them. An oral acceptance was sufficient. (Browne on Stat. Frauds (2d Ed.), section 345-a.) The text, as there given, is sustained by an array of cases that need not be mentioned here. But, in any event, the signature of respondents was sufficient to satisfy the statute. The requirement to subscribe or sign the memorandum is purely statutory, and our statute requires that the party "to be charged" only need subscribe. This, it has often been held, applies to the vendor in case of sale. The weight of authority is clearly to this effect. (Browne on Stat. Frauds (2d Ed.), sections 365, 366; 29

A. & E. Enc. L. (2d Ed.), 858, and cases there cited.) This also disposes of the contention that the contract pleaded is not enforceable because it is unilateral. Upon acceptance by appellants of the offer, the law implied the necessary promise to receive and pay for the seed, and thus the promises, in law, became mutual and enforceable. This likewise answers the assertion that there was no consideration for respondents' promise to sell. The implied promise to pay was just as effective for this purpose as an expressed promise would have been. The act of acceptance of the offer makes it a contract mutually binding, providing it is otherwise sufficiently specific to authorize an enforcement of it. The case of *Corbitt v. Salem Gaslight Co.*, 25 Am. Rep. 541, 6 Or. 405, cited by counsel for respondents, it is true, holds that both parties must sign, and that the memorandum in that case, being in the form of an offer to buy, was unilateral and not enforceable. In the note to that case, at page 546 of 25 Am. Rep. (6 Or. 405), the reporter, however, shows that the case is against the great weight of authority, and such will be found to be the fact when the authorities are examined. *Wilkinson v. Heavenrich*, 58 Mich. 574, 26 N. W. 139, 55 Am. Rep. 708, was a case in which it was sought to enforce an alleged agreement for personal services to be rendered for a term of years. The employer alone had signed the memorandum. The court held that inasmuch as the memorandum was not signed by the employee as well it did not bind him, and, as he was not bound, neither was bound. The case does not discuss the effect of an implied promise where one party accepts another's offer and enters upon a performance. The writer of the opinion, however, frankly conceded that the authorities are in conflict, and that the general rule is that where one accepts an offer in its entirety before it is withdrawn by the other, that the offer and acceptance may constitute an enforceable contract. The court in that case, however, seems to make an exception to offers in respect to personal services. The following cases, among others, however, do not agree with the Michigan case, *supra,* to the extent that both must sign in order to be binding: *Carter White-*

*Lead Co. v. Kinlin,* 66 N. W. 536, 47 Neb. 409; *Pennsylvania Ry. Co. v. Dolan,* 32 N. E. 802, 6 Ind. App. 109, 51 Am. St. Rep. 289; *Walsh v. Meyers,* 66 N. W. 250, 92 Wis. 397.

This contention of the respondents, therefore, cannot be sustained for the reasons: (1) That the memorandum constituted an offer merely and thus could be orally accepted; and (2) that the signature, in any event, of respondents was sufficient and binding, as upon acceptance all obligations became mutual. The contention that there is no express allegation in the complaint that the memorandum was delivered, and that for that reason the complaint is vulnerable to a general demurrer, is not tenable. The allegation that the agreement was "entered into," it has repeatedly been held, is sufficient to admit proof of delivery if denied. From such an averment a delivery may be implied. (Bliss on Code Pleading [2d Ed.], section 176; *Prindle v. Caruthers,* 15 N. Y. 425; *Keteltas v. Myers,* 19 N. Y. 231; *Douthit v. Mohr,* 116 Ind. 482, 18 N. E. 449.) It is further argued that the complaint is insufficient because there is no allegation that the offer made by respondents was accepted by appellants. If this be so, then, of course, there would be no enforceable contract, and hence no cause of action. As we view the complaint, this contention finds no support in the light of the allegations therein contained. The complaint starts out with the allegation that the parties at a certain time and place "entered into a certain written contract," and then sets forth a copy thereof. This is followed by allegations that appellants at all times were able, ready, and willing to pay respondents the price of the seed mentioned in the memorandum, and were at all times able, ready, and willing to perform all the conditions upon their part to be performed, and that they had demanded delivery of the seed, and that it had been refused. Having recourse to the memorandum set out in the complaint, it appears therefrom that the same was but an offer of sale. When appellants, therefore, upon a trial of the case, should offer the memorandum as proof of the agreement pleaded, the memorandum itself would not

establish this fact, but they must go further and prove an acceptance of the offer, or they must fail because they would not have proved a completed contract. There is nothing on the face of the memorandum to show that the minds of the parties had met in respect to its terms. This is the element that is lacking, and to supply it appellants must prove an acceptance of the offer as contained in the memorandum We have already seen that this may be done by parol. The question then is, can such a parol acceptance be proved under the allegations of the complaint as they now stand? We think it can for the following reasons: The allegation that the parties "entered into" means, if it means anything, that the minds of the parties met in respect to the terms and conditions set forth in the memorandum. If their minds did not meet, then they did not and could not have "entered into" the agreement. In order, therefore, to transmute the offer into an agreement, the acceptance of its terms was necessary, and such an acceptance would make it an agreement between the parties, and not only an offer of one. When, therefore, the allegation is made that the parties entered into an agreement or contract, it must be because both parties agreed to its terms. The statement, therefore, in the complaint, that they entered into the agreement is the ultimate fact, and this is established by proving an acceptance of the terms of the offer as made. If the pleader had alleged that the respondents had made the offer contained in the memorandum, setting it forth, and had also alleged that the offer was, at the time it was made, accepted as made, no one would, we think, doubt the sufficiency of the allegation to admit proof of acceptance for the purpose of showing a complete contract. What the pleader said, however, is precisely equivalent to this. And acceptance would simply make it an agreement, and "entered into" in law does neither more nor less than this. To say, therefore, that appellants may not prove an acceptance of the offer under the allegation, is to hold that they may not show a completed contract by entering into the same by acceptance. This would be tantamount to holding that they could not prove just what they have al-

32 Utah—9

leged, namely, that they entered into a contract. The following authorities, while not precisely in point, clearly sustain the principles contended for above. (*Hall v. Gilman,* 79 N. Y. Supp. 303, 77 App. Div. 458; *Fire Ass'n of Phila. v. Ruby,* 60 Neb. 216, 82 N. W. 629.)

Upon the question as to the rights under offers such as the one in question here, and when and how they become effective and binding, see the following authorities: 1 Page on Contracts, section 38, and cases cited; 1 Beach on the Modern Law of Contracts, sections 35-40; Bishop on Contracts, section 321 et seq.; Pomeroy on Contracts, section 58 et seq., *Frue v. Houghton,* 6 Colo. 318-324; *Sherwin v. Cash Register Co.,* 5 Colo. App. 162, 38 Pac. 392; *Laclede Constr. Co. v. Tudor Iron Works,* 69 S. W. 384, 169 Mo. 137; *Justice v. Lang,* 42 N. Y. 493, 1 Am. Rep. 576; *Justice v. Lang,* 52 N. Y. 323; *Sellers v. Greer,* 172 Ill. 549, 50 N. E. 246, 40 L. R. A. 589. There is also another view, however, upon which the complaint may be sustained. When a complaint is attacked by a general demurrer, it must be tested as to sufficiency in the light of all the facts stated, and the inferences naturally arising from such facts. The appellants further alleged in the complaint that they, "on the 7th day of November, 1903, and at divers other times prior thereto," demanded a delivery of the seed from the respondents. They also allege that ten days from the making of the memorandum was a reasonable time in which to deliver the seed, and that respondents could have delivered the same within that time had they chosen to do so. In order to avoid the inference that a demand for the seed constituted an acceptance (since a demand would necessarily imply that the thing demanded was or would be accepted) it is argued that since appellants fixed ten days as a reasonable time in which to deliver the seed, therefore demand subsequent to that time would be beyond a reasonable time in which an acceptance could have been made. Here again all the allegations must be given effect as against a general demurrer. No doubt the appellants had the right to demand delivery of the seed at any time after acceptance of the offer. They also, in the absence

of any stipulation, as a matter of law, had a reasonable time in which to accept the offer if not accepted simultaneously with the offer, unless the offer had been withdrawn before acceptance; and the respondents, by the same law, had a reasonable time in which to deliver the seed after notice of acceptance, and a demand for it would constitute such notice. Whether ten days would be a reasonable time or not is a question of fact, and whether a demand for the seed, constituting an acceptance of the offer to sell, was made within a reasonable time or not is likewise a question of fact in view of all the circumstances. Appellants having alleged several demands, the last of which was about three weeks subsequent to the offer, are not precluded from proving that a demand or acceptance was in fact made at the time of the offer, or at any time prior to and including the 7th day of November, 1903, following the date at which the offer was made. As the allegations now stand, all of which are admitted by the demurrer, repeated demands were made. Independently, therefore, of the allegation that the parties "entered into" the contract hereinbefore discussed, we think that the appellants may, under their allegations of demand, show an acceptance of the offer, and, under their allegations that they have already been ready, able, and willing to pay, prove the fact, if such be the fact. Upon such proof it is for the triers of fact to say whether the offer has in fact been accepted, and whether this was done within a reasonable time, and whether the respondents are in default or not. There is in this case no question respecting the sufficiency of the offer. It names the parties, the thing offered for sale, the amount sold, and the price to be paid therefor, and the conditions and place of delivery. From the acceptance of the offer, the law supplied the other necessary elements, namely, a promise to pay and a reasonable time to deliver, and thus made it a completed contract, from which, in case of a breach by either, the rights of the other and the measure of damages can be ascertained. When this can be done the contract is sufficiently specific to admit of enforcement. Tested by the rules outlined above, the complaint is sufficient in

its averments to withstand a general demurrer, and the memorandum sufficiently specific to admit of enforcement.

In addition to the authorities cited above, there are at least two cases precisely in point. *Bowers v. Whitney,* 88 Minn. 168, 92 N. W. 540, presents a case where the memorandum sued on was as follows: "I hereby agree to deliver at Gable eight hundred bushels of No. 2 rye to Bowers Bros. on or before September 25, 1901. Price to be 36 cents per bushel. [Signed] M. C. Whitney. Leland Coates. Bowers Bros., Witnesses." The plaintiffs in that case alleged the making of the memorandum, setting forth a copy in the complaint, and, in addition, alleged that they had agreed to pay for the rye, a demand for the rye, and a refusal to deliver the same, and prayed for damages. The defendant denied the making of the memorandum sued on. At the trial, the plaintiffs offered the writing in evidence, and, in connection therewith, offered to prove that they, at the time the memorandum was made, accepted its terms, and that they had demanded delivery of the rye, which was refused. The trial court sustained an objection to the offer to prove on the ground that the memorandum was not complete in itself, and that it could not be aided by parol evidence in order to make it complete, and dismissed the action. The Supreme Court, however, held that the evidence offered was proper, and reversed the judgment of dismissal. The case of *Wemple v. Knopf,* 15 Minn. 440 (Gil. 355), 2 Am. Rep. 147, is the same in its facts and rulings as the *Bowers Case, supra.* The only difference between those two cases and the one at bar is that the memorandum passed on in those cases fixes the time of delivery, while in the case at bar no time limit is given. In the absence, however, of such a limit, the law fixes a reasonable time, and this supplies the thing omitted in the memorandum in the case at bar. There is no difference in principle between the two cases and the one at bar, and we think they are based on sound principles of law. The cases cited by counsel for respondent, not already noticed, do not affect the principle of law announced in this opinion. *McDonald v. Bewick,* 51 Mich. 79, 16 N. W. 240, is based upon the fact that in

that case there was no acceptance of the offer. If this should ultimately be established as a fact in this case, there could be no recovery. The case of *Davis v. M. Co.,* 2 Utah 74, does not disclose the terms of the contract, and therefore the statement in the opinion that it was unilateral and unenforceable may have been correct. Without a statement of what the provisions of the contract were, however, we cannot determine whether it should be regarded as an authority upon the question presented in this case or not.

It follows from the foregoing views that the court erred in sustaining the demurrer. The judgment is reversed, and the case remanded, with directions to the court below to overrule the demurrer, to permit the respondents to answer, if they are so advised, and to proceed with the case in accordance with the views contained in this opinion. Costs to appellant.

RITCHIE, J., concurs.

McCARTY, C. J., (dissenting).

In my opinion, the complaint in this case does not state facts sufficient to constitute a cause of action, and hence the trial court did not err in sustaining the demurrer interposed by respondents, and I therefore dissent from the result arrived at in the foregoing opinion written by Mr. Justice FRICK.

Appellants base their right for a recovery in this action upon the alleged breach by respondents of a "certain written contract," and not upon a contract partly in writing and partly oral. The allegations of the complaint wherein the terms of the alleged contract are pleaded are as follows: "The said plaintiffs and defendants *entered into a certain written contract in words and figures following to wit*: Oct. 16, '03. I hereby sell and agree to deliver to Bailey & Sons, at their place of business in Logan City, Utah, 125 bushels of lucern seed, at the rate of 10 3-4 cents per pound after said seed is recleaned; said seed to be in said David and Andrew Leishman's sacks. [Signed] Andrew Leishman. David Leishman. That thereby, and by the terms of the said contract,

the said defendants had agreed to deliver the said seed to said plaintiffs at said Logan City within a reasonable time, and these plaintiffs allege and aver that ten days or less time after the making of the said contract was a reasonable time within which to deliver the said seed." I think it is apparent that the writing signed by respondents constitutes the entire alleged contract sued on in this action.

I concur in the prevailing opinion wherein it is said:

"For the purposes of this decision, we will assume the contention of counsel for respondents that the memorandum sued on is a mere offer to sell made by respondents to appellants. As an offer, therefore, it was subject to acceptance by appellants, and was not intended as a complete contract, and would not be such unless and until acceptance."

And, as stated in the opinion, such acceptance could be made either orally or in writing. I also agree with that part of the opinion which reads as follows:

"It is further argued that the complaint is insufficient because there is no allegation that the offer made by respondents was accepted by appellants. If this be so, then, of course, there could be no enforceable contract, and hence no cause of action."

But I fail to find any allegation in the complaint which alleges an acceptance by appellants, or any allegation from which an acceptance can be inferred within the ten days which appellants by the allegations of their complaint fixed as a reasonable time for respondents to have delivered the seed from the date of their written offer. In fact, counsel for appellant, in their oral argument of the case before this court, did not contend, nor do they claim in their printed briefs, that the complaint in terms alleges an acceptance, or that there was in fact an acceptance by appellants. Their contention is that the written offer of respondents constituted a complete contract. In their brief they say: "Defendants not only gave their word but also their written contract signed by both of them to deliver this seed at a specific price and place. Herein we find all the terms of a good contract." And again, "Leishman Brothers are the parties to be charged, and

we have their signatures to the contract in question." They further say, by way of argument, "That mutuality of obligation is not essential to render a party liable upon a contract; if there is a consideration for his undertaking, he is bound; *and that the fact that the contract may not be enforceable against one party because not subscribed by him, is no defense to the other by whom it is subscribed,*"—citing cases. (The italics are mine.) Continuing, they say: "In some of these cases this subject of mutuality and unilateral contracts is discussed, not only from a point of equity, but also from a standpoint of law. Whatever way we look at the subject, we find that the weight of authority, both in equity and at law, is in favor of upholding a contract of this kind." It will thus be seen that the alleged contract pleaded by appellants in their complaint, and discussed by their counsel, is the written offer made by respondents.

Nor do I think that the recital in the complaint, "that plaintiffs, on the 7th day of November, 1903 (twenty-one days after date of respondents' offer), and at divers other times prior thereto, demanded of said respondents that they deliver the said seed in accordance with the terms of said agreement," is a sufficient allegation of an acceptance to complete the contract, when considered in connection with the preceding paragraph of the complaint which fixes ten days as a reasonable time for respondents to have delivered the seed from the date of their offer. To hold that this demand was sufficient to put respondents in default, and make them liable for breach of contract, would be in effect holding that respondents were legally bound to deliver the seed before their offer to sell was accepted by appellants. By an examination of the case of *Bower v. Whitney,* 88 Minn. 168, 92 N. W. 540, cited in support of the conclusions reached by my Brethren in the prevailing opinion, it will be seen that the complaint in that case, among other things, alleged that "defendant agreed to sell and deliver to plaintiffs . . . eight hundred bushels of rye, at the agreed price thirty-six cents per bushel, *which the plaintiff agreed to pay therefor.*" (The emphasis is mine.)

It will thus be observed that the complaint in that case expressly alleged a promise on the part of the plaintiff to pay for the rye; whereas in the case before us there is no such obligation, nor its equivalent, alleged in the complaint. Therefore, I do not think the case supports the conclusions arrived at by my associates in the foregoing opinion.