## KNAPP v. BEACH.

[No. 7,807. Filed March 5, 1913.]

1. CONTRACTS.—Construction.—Surplusage.—In construing a contract for the sale of corn, where it appears that the memorandum was written on a blank form providing for the advancement of a money loan on an agreement for the sale of grain, and no money loan was in fact made, the part of the memorandum referring to such loan will be disregarded, as being mere surplusage. p. 575.

2. FRAUD, STATUTE OF.—Contracts.—Signatures.—The statute of frauds, §7469 Burns 1908, §4910 R. S. 1881, under which a contract, for the sale of goods worth more than $50, in the absence of part payment or partial delivery, must be in writing, etc., is satis-

fied, and the contract is enforceable, if it is signed alone by the party sued. p. 575.

3. CONTRACTS.—*Signatures.—Acceptance of Contract.—Effect.*—A contract, though signed by one party only, may become mutual and binding on both, if it is accepted and acted upon by the party not signing. p. 576.

4. CONTRACTS.—*Acceptance.—Action.—Mutuality.*—The bringing of an action on a contract, signed alone by the party to be charged, is in itself a sufficient acceptance to make the contract mutual. p. 576.

5. CONTRACTS. — *Executory Contracts. — Consideration. — Mutual Promises.*—Where a contract is executory on both sides, consisting of promises by each party to do something, the mutual promises of the parties are a sufficient consideration, each for the other, to render either party liable for a failure to carry out his part. p. 576.

6. FRAUDS, STATUTE OF.—*Contract of Sale.—Consideration.*—It is not necessary under the statute of frauds, §7464 Burns 1908, §4905 R. S. 1881, that the memorandum of a contract of sale should state the consideration. p. 576.

7. APPEAL.—*Review.—Evidence.—Verdict.*—A verdict for plaintiff is supported by sufficient evidence, where there was evidence to support the complaint in all particulars. p. 577.

From Clinton Circuit Court; *Joseph Combs*, Judge.

Action by John R. Beach against Wilson M. Knapp. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph Claybaugh*, for appellant.
*Joseph P. Gray*, for appellee.

IBACH, C. J.—The complaint asked for damages for breach of a contract, entered into by plaintiff and defendant, whereby plaintiff purchased and defendant sold and agreed to deliver to plaintiff 1,200 bushels of corn. A memorandum of the contract in the following words was attached to the complaint:

"Cambria, Ind. Aug. 6, 1909.

In consideration of the sum of ........ dollars, to me in hand paid, the receipt whereof is hereby acknowledged, I hereby agree to sell and deliver unto J. R. Beach at his elevator, Cambria, Indiana, 1,200 Bushels of 72 lbs. No. 3. Yel. Corn. Said Grain to be delivered

by me in November, 1909, and to be in sound and mer-
chantable condition, for which I am to receive payment
at the rate of 40 c. per bushel after deducting all in-
debtedness, which may be due and owing by me to said
J. R. Beach, that said grain is now on the land of W. M.
Knapp in Clinton county, Ind., that the same is mine
and is unincumbered by any mortgage or lien, and I
hereby make this statement in order to procure the
above named sum, and that I received a copy of this
agreement.

W. M. Knapp.''

Appellant contends that the above written instrument is
not on its face a complete and enforceable contract, because
there is a lack of consideration and because it is unilateral.

The above memorandum appears to have been written on
a blank form providing for the advancement of a money
loan on an agreement for the sale of grain. No
money loan was made in this case, and the court will
disregard, as mere surplusage, the part of the memo-
randum referring to such loan. Disregarding the surplus-
age, there appears an agreement by appellant to sell to ap-
pellee at his elevator in Cambria, Indiana, ''1,200 bushels of
72 lbs. of No. 3 yellow corn,'' to be delivered in November,
1909, in sound and merchantable condition, for which he
was to receive 40 cents a bushel, after deducting any in-
debtedness owing by him to appellee.

The only point of importance presented by the appeal is
as to the mutuality of the contract. This was a contract
for the sale of goods worth more than $50, and as
there was no part payment, nor partial delivery, the
contract, under the statute of frauds, must be in writ-
ing and signed by the party to be charged, or his author-
ized agent, before it can be enforced. §7469 Burns 1908,
§4910 R. S. 1881. The general rule is that the statute is
satisfied and the plaintiff may enforce the contract if the
writing is signed alone by the party sued, the defendant in
the action, and is not signed by the plaintiff. 29 Am. and
Eng. Ency. Law (2d ed.) 858; *Dennis Simmons Lumber Co.*

v. *Corey* (1906), 140 N. C. 462, 53 S. E. 300, 6 L. R. A. (N. S.) 468; *Bailey* v. *Leishman* (1907), 32 Utah 123, 89 Pac. 78, 13 Ann. Cas. 1117 and note; *Ullsperger* v. *Meyer* (1905), 217 Ill. 262, 75 N. E. 482, 2 L. R. A. (N. S.) 221, 3 Ann. Cas. 1032 and note; *Smith* v. *Smith* (1846), 8 Blackf. 208; *Newby* v. *Rogers* (1872), 40 Ind. 9.

3. Especially is it true that a contract signed by one party only may become mutual and binding on both if the contract is accepted and acted on by the party not signing. *Munson* v. *Wray* (1845), 7 Blackf. 403; *Alcorn* v. *Morgan* (1881), 77 Ind. 184; *Chicago, etc., R. Co.* v. *Derkes* (1885), 103 Ind. 520, 3 N. E. 239.

4. The complaint avers that plaintiff contracted to sell the aforesaid corn to his customers, and in consequence of defendant's failure to deliver the corn to him he was unable to carry out his contracts with his customers, and was thereby damaged. This shows that appellee accepted the contract and acted on it. Many of the authorities above cited hold that merely bringing an action on the contract is a sufficient acceptance to make it mutual. Where a contract is executory on both sides, consisting of promises by each party to do something, the mutual promises of the parties, are a sufficient consideration, each 5. for the other, to render either party liable for a failure to carry out his part. In order to make a written executory contract for the sale of goods binding, it is not necessary for any money to pass from the purchaser to the seller until the seller has performed his part of the contract. But the present contract states what the consideration for the corn shall be, namely, the price of 40 cents per bushel to be paid to the seller. Furthermore, 6. it is not necessary under our statute of frauds that the memorandum of a contract of sale should state the consideration. §7464 Burns 1908, §4905 R. S. 1881.

The court did not err in overruling the demurrer to the
complaint.  There was evidence to support the com-

7.  plaint in all particulars, therefore the verdict was
supported by the evidence.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 37.  See, also, under (1) 9 Cyc.
585;  (2) 20 Cyc. 272;  (3, 4) 9 Cyc. 300;  (5) 9 Cyc. 323;  (6) 20
Cyc. 262, 269;  (7) 3 Cyc. 348.  As to the necessity that the memo-
randum be signed by the person to be charged, see 47 Am. Rep. 533.
As to the sufficiency of the signature by one party only to a memo-
randum required by the statute of frauds, see 3 Ann. Cas. 1036;  13
Ann. Cas. 1121;  Ann. Cas. 1912 C 416.