## J. L. PRICE BROKERAGE CO. v. DIXON.

### No. 3273.   Decided March 22, 1919.   (180 Pac. 174.)

SALES—SALE TO BROKERAGE COMPANY—CONTRACT—RIGHT TO COM-
MISSION. Where plaintiff brokerage company offered to buy
peaches of defendant, who offered to sell at price per basket,
and plaintiff replied that if peaches were No. 1's defendant
could book another company 20 cars, contract of sale between
parties resulted, it being immaterial to whom peaches were
delivered, and by whom actually paid for, so that plaintiff
could not recover commissions as on a brokerage transaction.[1]

Appeal from the District Court of Utah County, Fourth
District; *Hon. A. B. Morgan,* Judge.

Action by the J. L. Price Brokerage Company against J. D.
Dixon, doing business as J. D. Dixon & Sons.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

*Lee L. Baker* of Provo, and *Skeen & Skeen* of Salt Lake
City, for appellant.

*Parker & Robinson* of Provo, for respondent.

CORFMAN, C. J.

Plaintiff commenced this action in the district court of
Utah county to recover the sum of $475 alleged to be due and
owing it as a brokerage commission for the sale of peaches
for the defendant.

In substance, the complaint alleged:

That the plaintiff is a Missouri corporation duly authorized to
do and carry on a brokerage business in selling fruit, etc., and that
it has complied wth all the laws of the state of Utah necessary

---

[1] *Haarstick* v. *Fox,* 9 Utah, 110, 33 Pac. 251; *Bailey* v. *Leish-
man,* 32 Utah, 129, 89 Pac. 78, 13 Ann. Cas. 1116.

to entitle it to do business in the state; that on or about August 10, 1917, as such brokerage firm, the plaintiff sold to E. D. Smith Mercantile Company of St. Joseph, Mo., for the defendant, 9,500 bushels of peaches at $1.25 per basket, for which the defendant was to pay the plaintiff the accustomed rate of commission of five cents' per basket; that on or about August 16, 1917, the defendant confirmed said sale and agreed to pay the plaintiff said commission, and said sale was fully consummated; and that the defendant was paid in full by said E. D. Smith Mercantile Company for said peaches on or about November 1, 1917.

The answer admits that the plaintiff is a Missouri corporation, that the alleged commission has not been paid, and denies generally all the other allegations of the complaint.

Trial was to the court without a jury, and the issues were found in favor of the defendant.

Motion for new trial was made and denied. Plaintiff appeals.

The contention between the parties to this action arises over the construction and meaning to be placed on certain letters and telegrams constituting the transaction between them involving the sale of 9,500 baskets of peaches at one dollar and twenty-five cents per basket. The plaintiff contends that the sale was made by it for the defendant to another on a brokerage basis, its commission to be five cents per basket. On the other hand, the defendant contends the sale was made direct to plaintiff for a net price to it of one dollar and twenty-five cents per basket.

The testimony shows that negotiations were opened between the parties, first by the plaintiff addressing to the defendant the following letter bearing date August 3, 1917:

"*We want to buy* a few cars of number one Elberta peaches packed in bushel baskets for shipment just as soon as they are matured and ready to move. Wire us upon receipt of this card your very best price. *We will buy them outright from you;* sell them on a brokerage or handle them on commission, which ever you prefer. Get in touch with us at once. We will do business quick if your prices are right.

"Wire us at once.

"Respectfully, J. L. Price Brokerage Co.,
"St. Joseph, Mo."

(Italics ours.)

Defendant responded by wire:

"Provo, Utah. Aug. 6, 17.

"J. L. Price Brokerage Co., St. Joseph, Mo.

"*Will sell* twenty cars of Elberta peaches on cars Provo, in bushel baskets one dollar twenty-five cents a basket. Will commence shipping about Sept. first.　　　　　J. D. Dixon & Sons."

.(Italics ours.)

Plaintiff replied by wire:

"St. Joseph, Mo., August 8, 1917.

"J. D. Dixon & Sons, Provo, Utah.

"Can use twenty cars number one Elbertas shipment when ready one dollar per bushel all big associations your state quoting this price.

"J. L. Price Brokerage Co."

Plaintiff later replied:

"St. Joseph, Mo., August 10, 1917.

"J. D. Dixon & Sons, Provo, Utah.

"If peaches quoted your wire sixth number ones book E. D. Smith Mercantile Company twenty cars. Wire confirmation,

"J. L. Price Brokerage Co.,"

Defendant responded:

"Provo, Utah, Aug. 10, 1917.

"J. L. Price Bkg. Co., St. Joseph, Mo.

"*I hereby confirm wire of sixth will sell* you twenty cars Elberta No. one peaches f. o. b cars Provo at one dollar and twenty-five cents a bushel basket.　　　　　J. D. Dixon & Sons."

(Italics ours.)

Plaintiff's letter followed:

"August 13, 1917.

"J. D. Dixon & Sons, Provo, Utah—Gentlemen: *Confirming the wires* which passed between us, we inclose your sales ticket on twenty cars of No. one Elberta peaches which *we sold the E. D. Smith Mercantile Co.*

"Kindly advise when you will start shipping these peaches so we can make arrangements at this end. They will give specifications as to shipment later.

"Very respectfully,

"J. L. Price Brokerage Co.,"

(Italics ours.)

Later other written communications passed between the parties relative to the shipment of the peaches and regarding some advancements demanded on the part of .the defendant

before their shipment to E. D. Smith Mercantile Company, not material or necessary to be considered for a proper determination of the question involved.

The defendant testified that before the shipment of the peaches one Mr. Wizzard appeared at the orchard and claimed to be a representative of the plaintiff J. L. Price Brokerage Company, examined and accepted the pack, and directed defendant to ''go ahead and ship, and write your drafts on E. D. Smith Mercantile Company for your money''; and that all cars of peaches were shipped in accordance with Mr. Wizzard's instructions.

The testimony further shows that the shipment of peaches was completed during the month of September, 1917, and that no claim was made by the plaintiff on the defendant for payment of commission until the latter part of December of the same year, when the plaintiff mailed to the defendant a letter and statement of its charges.

The trial court found that ''the plaintiff, as a brokerage firm, did not sell for the account of the defendant,'' and further found that the defendant is not indebted to the plaintiff in any sum. It is of these findings the plaintiff complains.

We have set forth in full the several communications between the parties. We do not deem it necessary to enter upon any extended discussion as to their purport and meaning. They speak for themselves. The plaintiff opened negotiations by saying: ''We want to buy. * * * We will buy them outright from you. * * * Get in touch with us at once. We will do business quick if your prices are right,''—to which the defendant replied on August 6th: ''Will sell twenty cars of Elberta peaches on cars * * * Provo, in bushel baskets one dollar twenty-five cents a basket.'' The plaintiff on August 10th replied: ''If peaches quoted your wire sixth number ones book E. D. Smith Mercantile Company twenty cars. Wire confirmation.'' The defendant responded by wire the same day: ''I hereby confirm wire of sixth will sell you twenty cars Elberta No. one peaches f. o. b. cars Provo at one dollar and twenty-five cents a bushel basket.'' On August 13th the plaintiff confirmed these communications by a

letter in which it said: "Confirming the wires which passed between us, we inclose you sales ticket on twenty cars of No. one Elberta peaches which we sold the E: D. Smith Mercantile Co. Kindly advise so we can make arrangements at this end."

It is true the "sales ticket" referred to in the latter communication indicates a sale of peaches from the defendant to E. D. Smith Mercantile Company, and a brokerage commission to be charged by the plaintiff of five cents per basket, but as against whom the charge is to be made the "ticket" is silent.

As we view the transaction between the parties, there was an offer to buy by the plaintiff and an offer to sell, at a certain fixed price f. o. b. cars at Provo, at one dollar and twenty-five cents per bushel basket, by the defendant. The wire of August 6th, on the part of the defendant, fixed the price, and the wires of August 10th, on the part of the plaintiff, consummated the transaction. The minds of the parties had then. fully met and a binding contract had then been entered into between the plaintiff and the defendant. *Haarstick* v. *Fox*, 9 Utah, 110, 33 Pac. 251; *Bailey* v. *Leishman*, 32 Utah, 129, 89 Pac. 78, 13 Ann. Cas. 1116; *Cargill Commission Co.* v. *Mowery*, 99 Kan. 389, 161 Pac. 634, 162 Pac. 313. Moreover, as we view the testimony there can be no other just inference from the communications that preceded or followed the closing of the transaction than that the sale was made by the defendant to the plaintiff, and that as to whom the peaches were delivered and by whom actually paid for were matters of no material consequence. As is stated in the plaintiff's letter of August 13th, confirming the telegrams between the parties, and inclosing the sales ticket or memorandum, "We (plaintiff) sold the E. D. Smith Co."

In our opinion the findings of the district court are amply sustained by the record, and therefore the judgment is affirmed. Respondent to recover costs.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.