BALLER *v.* SPIVACK.

1. FRAUDS, STATUTE OF—CONTRACT FOR SALE OF LAND—MEMORAN-
DUM—SUFFICIENCY.

   A memorandum agreement for the sale of land definitely
   fixing the parties, the property, the price, the terms of pay-
   ment, and the time of performance is sufficient to satisfy
   the statute of frauds.

2. SAME—MUTUALITY—PARTY BOUND.

   A memorandum agreement for the sale of land naming hus-
   band and wife as vendees, signed by the wife only, is not
   void for want of mutuality, since it bound the wife and
   she is entitled to its benefits, although the husband is not
   bound and therefore not entitled to any benefit under it.

3. SPECIFIC PERFORMANCE—PARTIES—DECREE—AMENDMENT.

   In proceedings for the specific performance of a contract
   for the sale of land, brought by the wife, the decree grant-
   ing relief to both husband and wife is not void therefor,
   but should be amended to grant relief to the wife only.

4. FRAUDS, STATUTE OF—LETTER SUPPLYING DEFICIENCY—ADMISSI-
   BILITY.

   A letter from the seller to the buyer relating to an agree-
   ment to sell land should be considered in connection with
   the memorandum to supply any deficiency therein.

5. SAME—OFFER TO BUY BINDING WHEN ACCEPTED—MUTUALITY.

   If the memorandum be considered as merely an offer to buy
   and deficient because containing no agreement to convey,
   said deficiency was corrected by a letter signed by the
   seller treating the offer as having been accepted and fixing
   a definite time within which the deal was to be closed.

6. SAME—SPECIFIC PERFORMANCE—DESCRIPTION BY STREET NUMBER
   SUFFICIENT.

   A description of the premises by street number in a memo-
   randum agreement for the sale of same is sufficient to
   satisfy the statute of frauds in a suit for specific perform-
   ance.

7. SAME—DECREE.

   When the decree in said suit was settled it was appropriate

to incorporate in it a description by lot number; defend-
ant's objection thereto not being tenable.

8. SPECIFIC PERFORMANCE—INCREASE IN VALUE NOT SUFFICIENT TO
DEFEAT.
Increase in value, standing alone, is not sufficient to defeat
the remedy by specific performance of a contract to con-
vey land.

9. SAME—NOT A REMEDY OF RIGHT—JUDICIAL DISCRETION.
While the remedy by specific performance is not a remedy
of right, and the granting or refusing thereof must rest
in discretion, the discretion to be exercised is a judicial
and not an arbitrary one.

Appeal from Wayne; Hosmer (George S.), J. Sub-
mitted January 13, 1921. (Docket No. 40.) Decided
March 30, 1921.

Bill by Clara Baller against Rev. K. Spivack and an-
other for the specific performance of a land contract.
From a decree for plaintiff, defendants appeal. Af-
firmed.

*Edward Pokorny,* for plaintiff.

*Sanders & Metzger,* for defendants.

FELLOWS, J. On August 12, 1919, the parties exe-
cuted the following memorandum:

"DETROIT, MICH., August 12th, 1919.
"For a valuable consideration, we, Sam Baller and
Clara Baller, agree to buy from Rev. Kalman Spivack
and Molly Spivack, his wife, the property located and
described as follows: No. 151 Wilkins St., four-family
frame flat, in the city of Detroit, county of Wayne,
Mich., for the sum of $13,500.00.
"The terms of purchase to be as follows:
"One hundred dollars to be paid this 6th day of
August, 1919. Two thousand nine hundred dollars to
be paid in cash down on examination of abstract, and
balance to be paid in installments of $300.00 or more
every three months, including interest of 6%.

"Mrs. K. Spivack has the right of the premises for the next three months at the rate of $35.00 a month.

"The above-mentioned amount of 13,500 to be paid in time of 7 years from date. Attorney and notary public's fees to be paid by the buyer.

                              "MOBLY SPIVACK.
                        "Rev. K. SPIVACK (seller).
"Purchaser: Clara Baller."

It is not denied that the $100 payment was made. There is some conflict in the testimony, but we are persuaded, as was the trial judge who saw the witnesses, that we should accept in the main the version of plaintiff on the disputed facts. The abstract was not received by defendant until about September 22d. He would not permit Mr. Baller to take it to his attorney for examination but insisted on retaining it in his possession. On September 23d defendant sent Mr. Baller the following letter:

"Mr. SAM BALLER,
   "281 Alfred St.,
      "City.
"*Dear Sir:* Take notice the abstract of the house at 151 Wilkins St. that you have agreed to buy is certified to date. Unless you call within a week, not later than September 30th, we will call the deal off.
                        "Respectfully,
                              "Rev. K. SPIVACK."

Cotemporaneous with this letter was one sent by the attorney first employed by Mr. Baller demanding the return of the $100. These letters practically crossed each other in the mail. Defendant, however, kept the money, and on the 29th of September plaintiff went to see him to complete the sale. There is some testimony to the effect that this was a religious day with the Jewish people and defendant being a rabbi declined to transact business on that day. On September 30th plaintiff tendered the $2,900 and demanded performance of the contract. While there is conflict in the tes-

timony we are satisfied that defendants' refusal to complete the contract was based solely on the increase in the value of the property. The trial court entered a decree for specific performance and defendants appeal. It is here urged that the decree should be reversed, upon the grounds that both the facts and the law are with the defendants. As already stated, we agree with the trial judge as to the conclusions reached on the facts and we shall now proceed to consider whether the law of the case justifies the decree.

Does the memorandum satisfy the statute of frauds? We think this question must be answered in the affirmative. The parties, the property, the price, the terms of payment, the time of performance, are all definitely fixed. See *Brin* v. *Michalski*, 188 Mich. 400; *Ogooshevitz* v. *Arnold*, 197 Mich. 203; *Walsh* v. *Oakman*, 199 Mich. 688. There is no force in the contention that because the memorandum named both Mr. and Mrs. Baller and was signed alone by Mrs. Baller that it is void. While Mr. Baller was not bound by it and therefore not entitled to claim any benefit from it, plaintiff Clara Baller did sign it, is bound by its terms, and is entitled to its benefit. The bill as appears from the printed record was filed by her alone. The decree names both husband and wife as plaintiffs and grants relief to both. While the decree should be amended in this regard, the memorandum was not rendered a nullity because signed only by one.

The point most strenuously stressed by defendants' counsel is that there is no mutuality of agreement. It is pointed out and claimed that this memorandum is an offer to buy instead of an offer to sell as is usual in cases brought to the attention of the courts, and it is insisted that the memorandum, although containing a recital of the terms of the sale and signed by the defendants, denominated as "seller," there is no agreement in specific language to convey, and counsel have

furnished us with a well-prepared brief treating the questions of unilateral contracts, options, etc. But the memorandum of August 12th is not the only paper to be considered in the case. The letter of September 23d related to the same transaction and must be considered in connection with the memorandum. *Cooper* v. *Pierson,* 212 Mich. 657. When so considered it must be treated as signifying an acceptance of the offer and the fixing of the time to close the deal. The language of the supreme court of Utah in the case of *Bailey* v. *Leishman,* 32 Utah, 123 (89 Pac. 78, 13 Ann. Cas. 1116), is quite applicable. It was there said:

"For the purposes of this decision, we will assume the contention of counsel for respondent that the memorandum sued on is a mere offer to sell made by respondents to appellants. As an offer, therefore, it was subject to acceptance by appellants, and was not intended as a complete contract, and would not be such unless and until acceptance. In this view it may not have been the intention of the parties that the memorandum should be signed by both, at its inception at least. When the offer was accepted, however, by appellants, it was thereby converted into a complete contract; the respondents being bound to sell and deliver the seed, and the appellants, by a promise the law implied from acceptance, bound to receive and pay therefor. * * * This also disposes of the contention that the contract pleaded is not enforceable because it is unilateral. Upon acceptance by appellants of the offer, the law implied the necessary promise to receive and pay for the seed, and thus the promises, in law, became mutual and enforceable."

In *Linn* v. *McLean,* 80 Ala. 360, it was said:

"The stipulation of the contract of February 13, 1884, giving appellant the right to purchase at any time within twelve months, may be regarded as an offer to sell, continuing and extending through the stipulated time; and, being supported by a sufficient consideration, it is not subject to revocation. If not accepted within the time limited, the proposal is with-

drawn by its own limitation; but, though the agreement is unilateral, if accepted within the twelve months, it becomes mutually obligatory, and such as a court of equity will, in a proper case, enforce specific performance against either party, in favor of the other."

Ruling Case Law thus states the rule (6 R. C. L. p. 605):

"From the discussion in reference to the right to revoke an offer, it is apparent that the acceptance of an offer is essential. To constitute a contract there must be an acceptance of the offer, because until the offer is accepted both parties have not assented to the contract, or, in the figurative language frequently used by the courts, their minds have not met. The effect of acceptance is to convert the offer into a binding contract."

A valuable note will be found in 6 L. R. A. (N. S.) 403.

If we follow defendants' counsel to the extreme of their contention and assume for the purposes of the case that the memorandum of August 12th, although upon a valuable consideration moving to defendants, was but an offer to buy, and counsel cannot and do not ask us to go beyond this, when it was accepted by the letter of September 23d and a definite time fixed for closing the deal, then, if not before, a valid contract was completed, binding on the parties, and enforceable by bill for specific performance.

It is next urged that the description is too indefinite to satisfy the statute of frauds or to justify relief by specific performance in that only the street number is given. Under the repeated decisions of this court this is sufficient. *Goodenow* v. *Curtis,* 18 Mich. 298; *Kuschinsky* v. *Flanigan,* 170 Mich. 245 (41 L. R. A. [N. S.] 430, Ann. Cas. 1914A, 1228); *Nowicki* v. *Kopelczak,* 195 Mich. 678; *Stamp* v. *Steele,* 209 Mich. 205. When the decree was settled it was appropriate

to incorporate in it a description by lot number. Defendants' objection to this being done is not tenable.

Nor is defendants' claim that specific performance will not be decreed where the property has increased in value tenable. Increase in value standing alone is not sufficient to defeat this remedy. *Cotharin* v. *Knoch*, 99 Mich. 322; *Nowicki* v. *Kopelczak*, *supra*; *Ogooshevitz* v. *Arnold*, *supra*. While the remedy by specific performance is not a remedy of right, and the granting it or refusal to grant it must rest in discretion, the discretion to be exercised is a judicial, not an arbitrary one. In the instant case nothing appears either in the facts or the law justifying withholding it.

The decree with the amendment heretofore referred to will be affirmed. Plaintiff will recover costs of this court.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.