## GALVIN *v.* DUNITZ.

1. FRAUDS, STATUTE OF—MEMORANDUM AGREEMENT FOR THE SALE OF REALTY—SUFFICIENCY.

   A contract for the sale of real estate definitely fixing the property, the parties, the price, and the terms of payment complies with the requirements of the statute of frauds (3 Comp. Laws 1915, §§ 11975-11977).[1]

2. SAME—DESCRIPTION BY STREET NUMBER SUFFICIENT.

   A description of the premises by street number in a memorandum agreement for the sale of a 10-family brick apartment is sufficient.[2]

3. SAME—UNCERTAINTY—INDEFINITENESS—VENDOR AND PURCHASER.

   Where from the wording of a memorandum agreement for the sale of an apartment house it clearly appeared that the vendor had only a contract interest in the premises, and that the memorandum was to be followed by a more specific agreement particularly defining the rights and liabilities of the parties, it cannot be said that the agreement was void for uncertainty and indefiniteness because of the last two sentences thereof, reading as follows: "Contract to be assigned at time of signing final agreement to purchase.   Adjustment of interest and rents and insurance to be made at time of final agreement."[3]

4. SAME—FAILURE TO FIX A DEFINITE TIME FOR SIGNING FINAL AGREEMENT NOT FATAL—REASONABLE TIME IMPLIED.

   Failure to fix a definite time in a memorandum agreement for the sale of real estate for the signing of the final contract would not render said agreement void under the statute of frauds, since a reasonable time would be implied.[4]

Error to Wayne; Brown (William B.), J., presiding. Submitted December 5, 1924.   (Docket No. 109.) Decided December 31, 1924.

[1]Frands, Statute of, 27 C. J. § 318; [2]Id., 27 C. J. § 321; [3]Id., 27 C. J. § 319; [4]Id., 27 C. J. § 318.
As to sufficiency of description of property by ownership or acreage without any particular description as satisfying the statute of frauds, see note in L. R. A. 1916C, 1127.

Assumpsit by Don G. Galvin against Harry Dunitz for breach of a land contract. Judgment for defendant *non obstante veredicto.* Plaintiff brings error. Reversed, and judgment ordered entered on the verdict.

*O'Brien & August,* for appellant.

*Charles P. O'Neil,* for appellee.

SHARPE, J. Plaintiff signed the following memorandum:

"OFFER TO PURCHASE.
                    "Detroit, Mich., Nov. 13, 1920.
"I hereby agree to purchase through Raven & Harkness, agent for the owner, the following described property:
"10 family brick apartment Bldg. located at 107 & 109 Leicester Court, Detroit, Mich.
                    (present rentals $650.00 per month)
and to pay therefor the sum of fifty-one thousand, five hundred dollars ($51,500.00) upon the following terms and conditions: One dollar ($1.00) upon the signing of this agreement as a deposit to bind the bargain, the same to be returned should proposition be rejected by owner of said property, or should the title be found unmerchantable; the balance to be paid as follows:
"Pay out owner's equity and assume his contract of $335.00 per month, including 6 per cent. interest. Owner's equity to be paid as follows: $16,500 by purchaser giving deed to lot No. 52 Montcalm St. E., subject to $3,500.00 mortgage (house 52) which vendor agrees to assume, and balance of owner's equity to be paid in the form of a note due six months from date of closing sale, said equity not to exceed $5,200.00; said note to be secured by purchaser placing contract in Peninsular State Bank as security until said note is paid.
"The owner shall furnish abstract of title, brought down to date, showing merchantable title at this date, and when conveying shall convey by warranty deed. Contract to be assigned at time of signing final agree-

ment to purchaser.   Adjustment of interest and rents and insurance to be made at time of final agreement."

Defendant accepted the same in writing.   Plaintiff here seeks to recover damages for defendant's refusal to perform.   The trial court entered a judgment for defendant, notwithstanding a verdict rendered in plaintiff's favor for $2,723.60, under the provisions of the Empson act, for the reason that the memorandum was not sufficiently definite and complete in its terms to satisfy the statute of frauds (3 Comp. Laws 1915, §§ 11975-11977).

Counsel agree that the rule by which the sufficiency of the writing should be determined is as stated in *Walsh* v. *Oakman,* 199 Mich. 688:

"A contract definitely fixing the property, the parties, the price, and the terms of payment complies with the requirements of the statute of frauds."

The description of the property was sufficient. *Ogooshevitz* v. *Sampson,* 211 Mich. 180; *Cooper* v. *Pierson,* 212 Mich. 657; *Baller* v. *Spivack,* 213 Mich. 436; *Barton* v. *Molin,* 219 Mich. 347.

It is urged that the last two sentences in the memorandum render it uncertain and indefinite.   It clearly appears from that which precedes these provisions that the vendor had but a contract interest in the premises.   It also appears that the memorandum was to be followed by a more specific agreement, particularly defining the rights and liabilities of the parties. While no definite time is fixed therefor, a reasonable time would be implied.

The contract to be assigned is that held by the vendor from the owner.   We can see no uncertainty in the last sentence.   The interest then due to the owner would be adjusted, that is, either assumed by the purchaser or allowed as a part of the purchase price. If the vendor desired to, he might pay it to the owner;

otherwise, he must allow it to the purchaser. The same is true as to rents and insurance. If the vendor had received advance payments of rents, he must credit the purchaser therewith; if he had paid for advance insurance, he should get credit for it or have the policy canceled. We are unable to see how any parol testimony would be needed in order to determine the rights and liabilities of the parties when the after agreement contemplated by the writing should be made. We think the memorandum contained all the requisites of a completed contract. *Mull* v. *Smith,* 132 Mich. 618; *Walsh* v. *Oakman,* 199 Mich. 688; *Elbom* v. *Pavsner,* 225 Mich. 213.

The judgment is reversed and set aside and the cause remanded with directions to the trial court to enter a judgment on the verdict. The appellant will recover costs.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.