JOHN W. GANNON, DEFENDANT IN ERROR, v. BRADY BRASS COMPANY, PLAINTIFF IN ERROR.

Argued July 11, 1911—Decided November 20, 1911.

1. Where a contract has not been reduced to formal language, either written or oral, the intention of the parties to make a contract and its terms, if made, are to be gathered from what the parties did and said, and this is normally a question of fact for the jury.
2. An exception that is too broad in that it includes the whole charge and too narrow in that it gives no notice of the alleged error will not support an assignment.

On error to the Hudson Circuit Court.

The writ in this cause reviews a judgment, on verdict, in favor of the plaintiff, recovered in an action for damages because of discharge from employment under an alleged contract of October 4th, 1909, for one year. The errors assigned are on exceptions to rulings on evidence, to refusal to nonsuit the plaintiff or direct a verdict in favor of the defendant and to the charge.

Plaintiff entered the employ of the defendant as salesman under contract made September 1st, 1908, at a salary of $200 per month, payable semi-monthly—the contract being subject to cancellation on thirty days' notice from either party. On October 4th, 1909, Mr. Brady, the president of the defendant,

Harry Onslow, one of its directors, and the plaintiff had luncheon together, and the plaintiff's relations with the defendant were discussed; as to the conversation at this luncheon the version of the plaintiff must be taken as true. He testified that the relative merits of compensating a salesman by commission or salary were talked over, and, without attempting to state the rest of the conversation at the luncheon, he testified that as the party rose from the table Mr. Brady turned to Mr. Onslow and said: "Well, Harry, it is understood that we will take John" (meaning plaintiff) "on for another year at the same price;" and that Mr. Onslow said, "All right." On cross-examination, when asked to state exactly what Mr. Brady had said, he testified as follows:

"We all rose at the same time, and Mr. Brady said: 'Well, Harry, it is understood then that we take John on again at the same money for another year.'"

On March 25th, 1910, plaintiff was discharged by Mr. Brady, who informed plaintiff that he would be paid a month's salary from that date, thus giving him the thirty days' notice required by the contract of September 1st, 1908. Suit was begun in August, 1910, and at the trial plaintiff claimed that he had been unable to secure employment. The verdict was for $1,033.33, being a sum equivalent to $200 a month from April 25th to October 1st, 1910.

The case of the plaintiff was not rested on any defect in the thirty days' notice. His counsel distinctly repudiated any such contention, and the case was therefore put to the jury by the judge on the theory that the plaintiff could recover only on their finding a new contract made October 4th, 1909, in substitution of the old contract. The jury were distinctly told that the plaintiff could not recover on the old contract.

The foregoing condensed statement of the case is taken from the brief of counsel for the plaintiff in error.

For the plaintiff in error, *Gilbert Collins.*

For the defendant in error, *Tennant & Haight.*

The opinion of the court was delivered by

GARRISON, J. When the motion to nonsuit the plaintiff was made the testimony that had been given warranted a finding that on October 4th, 1909, the plaintiff had been for over fourteen months in the employ of the Brady Brass Company at $200 a month, subject to discharge on thirty days' notice; that on the day in question he was called into the office of Mr. Brady, the president of the company, to discuss some change in the terms of his employment; that while this subject was under discussion, Mr. Onslow, one of the directors of the company, came in, to whom Mr. Brady stated the subject under discussion and proposed that it be continued at luncheon, which was done. During this conversation Brady, in answer to Onslow's inquiry as to what the plaintiff "was getting," replied, "twenty-four hundred," and, at the conclusion of the luncheon, the remarks quoted in the statement that precedes this opinion were made respecting the result of the conference.

On the evening of the same day Mr. Brady wrote to the plaintiff confirming what had happened at the luncheon as "our understanding of even date," and saying, "our company understands that *for the year* beginning this month you will concentrate your best efforts," &c.

Upon this testimony and other proofs showing that the company were not dissatisfied with the plaintiff and had no thought of discharging him, it was open to the jury to find that as some change in the terms of plaintiff's employment was the express subject of the conference and of the discussion that preceded it, and as the nature of his work and his annual compensation remained unchanged, the only term in which any change was made was that the monthly employment, with its incident as to discharge, was changed into a straight employment for one year. If there had been previously no relations between the parties a jury could hardly avoid finding a yearly contract of this nature. Such previous relation was, however, only one of many circumstances to be considered in determining what conclusion the parties came to. If the subject under discussion was whether the plaintiff should be discharged or should be continued in the company's employment, Mr.

Brady's declaration would be strongly indicative of a mere continuance of the old relation; but if the continuance of the plaintiff's employment was assumed and the subject of the conference was a change in its terms, Mr. Brady's declaration was entirely consistent with the notion that some change had been made, and if so, was somewhat persuasive that an annual employment had been agreed upon, since otherwise there was no change. The question was submitted to the jury over the defendant's motion for a direction and an exception that raised the same question as that presented by the motion for a nonsuit and for the direction of a verdict.

For reasons sufficiently indicated, we think it was not error to deny these motions.

The cases holding that where no attempt has been made to reduce the terms of a contract to formal language the intention of the parties as gathered from what they said and did is a question of fact for the jury are very numerous. *Tatterson* v. *Suffolk Manufacturing Co.*, 106 *Mass.* 56, may stand for the class.

In the present case, however, a preliminary question was whether or not any contract was made on October 4th, 1909. This under the testimony was clearly a question for the jury.

It may be that, if the making of a new contract on that date was admitted and the sole question was what were its terms as evidenced by a single unequivocal declaration, a court question was thereby presented.

We need not consider this question, however, since no such point was made at the trial. Counsel, it is true, objected to a part of the charge on the ground that there was no question for the jury, just as he moved for the direction of a verdict on the same ground, but he nowhere suggested as an additional ground that the testimony was such that the court should have determined the terms of the contract. Indeed, he could not consistently have laid such a ground, because his contention throughout was that there was a lack of proof as to the making of a new contract and its terms, a contention that if true as to the jury must be equally true as to the court. The trial judge could not know and was not obliged to divine any such point

from the mere exception to a part of the language in which he submitted the question to the jury.

Counsel also lays hold of the expression "implied contract," used by the court in its charge, and argues that it was not technically apt as applied to an executory contract to be gathered inferentially from the words and conduct of the parties. The judge, however, was talking to a jury, not dictating a legal thesis, and he told the jury that by an implied contract he meant "one to be gathered by implication, presumption or inference from the course of dealing of the parties and from the circumstances of the case."

This accords with one of the definitions given by Webster, and was sufficiently accurate in the context in which it was used.

Moreover, counsel did not direct the attention of the trial court to the verbal criticism that he now advances. His exception was "to what your honor said with regard to the right of the jury to find an implied contract from the language used by Mr. Brady to Mr. Onslow." This was in effect an exception to the whole charge, all of which was concerned in one way or another with the contract so described, but the point now made, viz., that the word "implied" was improperly employed was in no way brought to the judge's notice.

We find no error in the charge or in rulings upon evidence that should lead to a reversal.

The judgment of the Hudson Circuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 12.

*For reversal*—None.