FRED DANIELS, Respondent, v. ROBERT Mc-
DANIELS, Appellant.

**Kansas City Court of Appeals, November 23, 1914.**

1. **CONTRACTS: Quantum Meruit: Price.** An action for the
price of boring a well may be brought on *quantum meruit*
although there was a specific contract, if that contract has
been fully performed and nothing remains but payment of the
price. The recovery will be limited within the contract price.

2. ———: **Laborer: Work: Value or Profit.** If a laborer per-
forms work in a workmanlike manner for his employer he does
not undertake that such work will be valuable or profitable.
The risk is not his and he may recover the value of such
labor.

Appeal from Clinton Circuit Court.—*Hon. A. D.
Burnes,* Judge.

AFFIRMED.

*John S. Boyer* and *F. B. Ellis* for appellant.

*Stigall & Otis* for respondent.

ELLISON, P. J.—Plaintiff bored a well for de-
fendant for which the latter refused to pay, where-
upon this action was instituted by filing a petition in
two counts; the first on a specific contract for the
work under certain conditions and for a certain price
and the second on a *quantum meruit*. The judgment
in the trial court was for the plaintiff on the latter
count.

There was evidence in plaintiff's behalf that he
made a contract with defendant's father for boring
a well on defendant's farm and at the same time con-
tracted with the father for boring a well on the latter's
farm nearby. There was evidence further tending to
prove that plaintiff guaranteed a strong well of water

and that unless the boring produced such a well he was
not to charge anything. On the other hand there was
evidence that no guaranty was made. Defendant in-
sists that the evidence showed a specific contract for
boring the well and the price, in addition to the guar-
anty. Plaintiff, for all practical purposes, concedes by
his instructions that there was a price agreed upon of
$1 per foot for drilling through rock and fifty cents
per foot through dirt and of fifty cents per foot for
necessary casing. ''Plaintiff's instructions declared
that if, at defendant's instance and request, he did the
boring and furnished the material, the law presumed
defendant intended to pay the reasonable value of the
boring and the material and he was entitled to a ver-
dict for a sum not exceeding the contract price; un-
less the jury found that there was a guaranty by plain-
tiff of a strong well with a lasting flow of water. De-
fendant had an instruction also submitting the propo-
sition of guaranty of a lasting flow of water and di-
recting a verdict for him if the jury believed such guar-
anty was made. So the jury must have found that
plaintiff did not agree and guarantee that there should
be a well with a strong and lasting flow of water, and
must have found that $476 was a reasonable charge
and that it did not exceed the price agreed upon.

Recurring to the fact that there was a specific con-
tract for the well and the price thereof, defendant in-
sists that there can be no recovery on a *quantum
meruit,* but that plaintiff is confined to an action on
the contract as declared on in the first count and after-
wards abandoned. This is not a correct view. When
the contract has been fully performed and nothing re-
mains but payment of the price, an action in *quantum
meruit* may be maintained, the recovery being limited
within the contract price. [Williams v. Ry. Co., 112
Mo. 463, 491; Mansur v. Botts, 80 Mo. 651; Henderson
v. Mace, 64 Mo. App. 393; Cozad v. Elain, 115 Mo.

App. 136; Printing Co. v. Pub. Co., 127 Mo. App. 141, 150; Sackman v. Freeman, 130 Mo. App. 384.]

Defendant, we think, does not put a proper construction on a part of plaintiff's instruction number 1. He seems to interpret it as stating that the boring of the well was of value to defendant and then follows this by saying there was no evidence of the boring being of any value. It may not have been; but plaintiff's work and material in boring were of value; that is what his petition counts on and he had a right to recover that value, if he performed the work at defendant's request and there was abundant evidence that he did. It is shown by his knowledge of the work, directions given, etc. A man may hire another to perform work which is of no value to that man, but if the work is done, it must be paid for. It would be a singular condition of affairs if a laborer must always insure that his work will prove profitable or valuable to his employer. If he does it in a workmanlike way the risk is not his.

Defendant's refused instruction on his counterclaim is of no practical importance. The jury had been explicitly told in instruction number 1 for plaintiff, and number 3 for defendant, that if plaintiff agreed to "produce for defendant a completed well with a strong and lasting flow of water," he could not recover. The jury must have found that the counterclaim was without any support.

Objection to the propriety of the instruction as to any witness having sworn falsely is not well taken. The record does not show that we should set aside the trial court's discretion.

We think the case is one depending altogether on the view of the jury as to the facts. They have been determined against defendant in a fair trial in which the law was properly declared by the trial court. Hence we must affirm the judgment. All concur.