[Civil No. 1549.   Filed November 8, 1917.]

[168 Pac. 643.]

## S. C. VALENTINE, Appellant, v. EUGENE SHEPHERD, Appellee.

1. SALES — CONTRACTS — CONSTRUCTION. — A contract to sell 500 head, more or less, of cattle, including "all cattle with the $\frown{14}$ on left loin and hip and LEC on left side from shoulder to hip," did not include cattle branded only with one or the other brand.

2. EVIDENCE—PAROL EVIDENCE VARYING WRITINGS—AMBIGUITY.—It is only where a contract is ambiguous or equivocal that extrinsic evidence may be resorted to for the purpose of determining the real meaning.

   [As to parol evidence to explain mercantile and other contracts, see notes in 6 Am. Rep. 678; 28 Am. Rep. 210.]

3. EVIDENCE — PAROL EVIDENCE VARYING WRITINGS. — In action for breach of a contract to sell 500 head, more or less, of cattle, including "all cattle with the $\frown{14}$ on left loin and hip and LEC on left side from shoulder to hip," evidence that by the clause quoted the parties intended respectively to sell and to buy cattle bearing only one of the brands was inadmissible.

4. CONTRACTS — CONSTRUCTION — INTENTION. — The construction placed upon a contract by the parties thereto will always be followed by the courts when the language is ambiguous, and even sometimes when there is no apparent ambiguity.

5. SALES — CONSTRUCTION OF CONTRACT — INTENTION. — The mere fact that under a contract to sell 500 head, more or less, of cattle, including "all cattle with the $\frown{14}$ on left loin and hip and LEC on left side from shoulder to hip," the vendor delivered some cattle bearing but one brand, did not bind him to deliver all of the cattle so branded.

XIX Ariz.—16

6. CONTRACTS—CONSTRUCTION—MERGER.—Where the contract is reduced to writing, all contemporaneous and prior conversations and negotiations were merged and by it supplanted.

7. CONTRACTS—CONSTRUCTION—QUESTIONS FOR JURY.—Where there was no dispute as to the language used in a contract, and neither latent nor patent ambiguity appeared, it was the province of the court to interpret the meaning of the contract.

APPEAL from a judgment of the Superior Court of the county of Pinal. O. J. Baughn, Judge. Reversed and remanded.

Mr. Barnett E. Marks, for Appellant.

Mr. J. E. O'Connor, for Appellee.

ROSS, J.—This is an action for damages for breach of contract brought by appellee against appellant. The controversy grows out of a dispute as to the property sold and bought under the following description thereof as contained in the contract of sale, to wit:

"The party of the first part [Valentine] hereby agrees to sell to the said party of the second part [Shepherd] five hundred head, more or less, of stock cattle, including entire stock branded thus 1̂4 on the left loin and hip and LEC on the left side, from shoulder to hip. Also the sole right to the said 1̂4 brand and iron."

In the appellee's complaint are found, among others, two allegations, one of which undertakes to explain his and the appellant's understanding of the contract, and the other sets forth the alleged breach of the contract. These two paragraphs are as follows:

"V. That it was the understanding of both plaintiff and defendant when said contract was made that said cattle described in said contract were cattle branded 1̂4 and other cattle branded LEC and other cattle branded with both said brands."

"VI. Plaintiff further alleges that defendant has not delivered all of said cattle, so contracted to be delivered, and has failed and refused to deliver to this plaintiff about forty (40) head of cattle branded LEC on left side from shoulder to hip and described in the aforesaid contract; and plaintiff further alleges that defendant has failed to deliver to this

plaintiff six (6) head of calves born after the 1st day of October, 1914, which said calves, under the terms of said agreement, were to be delivered free of charge to plaintiff, at plaintiff's said ranch in Pinal county, Ariz., and that plaintiff was on the 1st day of May, 1915, and at all times since said day has been ready and willing to pay the defendant the amount of the purchase price of said cattle, upon delivery thereof, under the terms of the contract aforesaid.''

The sufficiency of the complaint to state facts sufficient to constitute a cause of action was challenged by a demurrer. The overruling of this demurrer is assigned as error.

Conceding the truth of the allegation set forth in paragraph 6 as constituting the alleged breach of the contract, does it show that the appellant has refused or neglected to deliver any cattle that he agreed to deliver? The appellant agreed to sell the appellee ''five hundred head of stock cattle, more or less,'' and among them was the entire stock particularly therein described—that is, all cattle with the ''$\widehat{14}$ on left loin and hip and LEC on left side from shoulder to hip.'' It is apparent that all of the stock bearing the described brands was to be sold and delivered to the appellee, and it is equally as clear that appellant might turn in other brands undescribed in the contract or cattle with no brands if necessary, to make up the maximum of his obligation, to wit, the ''five hundred head, more or less.'' Stated differently, the obligation was to sell and deliver approximately 500 head of stock cattle, included in which was an indefinite number branded $\widehat{14}$ on left loin and hip and LEC on left side from shoulder to hip, which together with other stock, with no mentioned brand or description, was to make up the cattle agreed to be sold and delivered. The language used in the contract to describe the property sold is not susceptible of a construction that would include therein cattle branded only with LEC or cattle branded only with $\widehat{14}$ as appellee contends. The cattle agreed to be sold and delivered were to bear, on left side, all of these figures and letters, and not some of them. We have a contract then set forth in the appellee's complaint as the basis or foundation of his lawsuit, in which the appellant has agreed to sell and deliver to him cattle therein particularly described, and as a breach thereof failure and refusal to deliver cattle of entirely different brand. In other words, the breach as alleged consists of the appellant's refusal

to do.something that he, by the plain terms of the contract, never agreed to do.

To meet this situation and override any objections to the form of the breach as laid, the appellee in paragraph 5 quoted above undertakes to say that the understanding of both plaintiff and defendant was that the contract covered cattle branded 14̂, and other cattle branded LEC, and other cattle branded with both said brands. He does not undertake to say that the description contained in the contract of sale was sufficient to include, or that it does include, these brands; only that the cattle described in the contract were understood to be of three brands, instead of one. He would have the court enforce a different contract than the one he exhibits as the agreement between himself and appellant. Now, if the understanding of parties to a contract may be substituted for the contract as written out and signed by them, the appellee's explanation that cattle in three brands were intended to be conveyed instead of the cattle in one brand, as appears from the wording of the contract, may be permitted to stand. This is not the law, however. Where the language used by the parties to express the terms and conditions of their contract is plain and unambiguous, their intention or understanding is to be found in their contract, and not from the *ex parte* assertions of either party. It is only where a contract is ambiguous or equivocal that extrinsic evidence may be resorted to for the purpose of determining the real meaning of the contract. Evidence of the understanding of parties to a written contract that would vary its terms would be inadmissible. *Burmister* v. *Empire Gold M. & M. Co.,* 8 Ariz. 158, 71 Pac. 961; *Adams* v. *O'Conner,* 6 Ariz. 404, 59 Pac. 105; 6 R. C. L., § 231, p. 841; 2 Page on Contracts, § 1111; *Te Poel* v. *Shutt,* 57 Neb. 592, 78 N. W. 288; *Harrison* v. *McCormick,* 89 Cal. 327, 23 Am. St. Rep. 469, 26 Pac. 830; *Clouston* v. *Maingault,* 105 Ark. 213, 150 S. W. 858; *Tyson* v. *Neill,* 8 Idaho, 603, 70 Pac. 790; *Baltzer* v. *R. & A. R. R. Co.,* 115 U. S. 634–648, 29 L. Ed. 505, 6 Sup. Ct. Rep. 216.

The construction placed upon a contract by the parties thereto will always be followed by the courts when the language employed is ambiguous, and sometimes, it is said, when there is no apparent ambiguity. 6 R. C. L., § 241, p. 852. The appellee does not suggest anywhere in his complaint a practical construction of the contract along the lines of his

asserted understanding thereof, although it is shown that the contract was performed to the extent of the delivery of about 530 head of cattle. But had the appellee alleged in his complaint that the parties had placed a practical construction upon the contract by delivering and accepting cattle branded with 14 on left loin and hip and cattle branded LEC on left side from shoulder to hip, and cattle branded with both these brands, to the number of 532 head, this could not be construed as binding the appellant to deliver, under the contract, all of the cattle branded LEC or all of the cattle branded 14. The only obligation that the appellant had assumed under the contract was to deliver to the appellee 500 head of stock cattle, more or less, to consist of the entire stock branded 14 on left loin and hip and LEC on the left side from shoulder to hip; any shortage to be made up of stock cattle, but of no particular brand or without any brand whatever.

The contract also provided that of the increase of the brand as described therein, calves born after the first day of October, 1914, were to be delivered to the appellee free of charge. The complaint fails to show that the 6 head of calves claimed were the increase of that brand or of any brand. The facts set forth in the complaint, therefore, as constituting a breach of the contract, however viewed, do not show that the appellant was derelict in the performance of any obligations assumed by him, and it follows that the demurrer should have been sustained.

At the trial the court permitted the appellee, over objections of appellant, to testify that it was his understanding that he was buying cattle bearing three different brands instead of cattle bearing one brand. This is assigned as error. In 9 Cyc. 774, it is said:

"Under no circumstances is a witness to be allowed to testify to his understanding of the legal effect of a contract, for it is the province of the court alone to construe and interpret contracts."

See, also, authorities *supra.*

It is also complained that the court erred in submitting to the jury the construction of the contract sued on. As we have seen, the contract is couched in plain and ordinary language easily and readily understood, and was the final and last act of the parties expressive of their agreement. All contemporaneous and prior conversations and negotiations

were merged, and by it supplanted ·and thereafter imma-
terial, except the parties had employed language of doubtful
and ambiguous meaning.  There is no dispute as to the lan-
guage used, and that being so, and no latent ambiguity ap-
pearing, it was clearly the province of the court to interpret
the meaning of the contract.  *Wadin* v. *Czuczka,* 16 Ariz. 371,
146 Pac. 491; *Rebeil* v. *Manning,* 17 Ariz. 111, 149 Pac. 59.

From all that appears from the complaint the appellee has
gotten the entire stock of cattle bearing 14 on left loin and
hip and LEC on left side from shoulder to hip; at least if
any were not delivered, he makes no complaint by reason
thereof.  It therefore appears that the contract has been lit-
erally complied with in that respect.  It also appears that
it has been substantially and fully performed in the number
of cattle delivered to the appellee in that he has received,
according to his own pleadings and proof, about 532 head of
cattle.  At the close of appellee's case, the appellant moved
for an instructed verdict, and from the whole record we are
of the opinion that the motion should have been granted.  We
do not believe that the appellee has shown either in his plead-
ings or by his proof that he has any cause of action against
the appellant.

The judgment of the lower court must be reversed and the
cause remanded, with directions that the complaint herein be
dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.