[Civil No. 2590. Filed February 28, 1928.]

[264 Pac. 471.]

THE MERCHANTS AND STOCK GROWERS BANK, a Corporation, et al., Appellants, v. CORA A. MARLEY, Appellee.

Messrs. Norris, Norris & Flynn, for Appellants.

Mr. W. E. Ferguson, for Appellee.

LOCKWOOD, J. — Cora A. Marley, hereinafter called plaintiff, brought suit against the Merchants and Stock Growers Bank, a corporation, hereinafter called defendant, to cancel certain real estate mortgages on land located in Maricopa county, Arizona. There were several other parties named as defendants to the action, but we need not consider them for the purposes of this appeal. The third amended complaint, on which the case was tried, contains three causes of action. Demurrers to the second and third causes were sustained, and the case went to trial on the first one. The matter was submitted to a jury on special interrogatories, which were answered in favor

of plaintiff, and upon these answers judgment was entered. After the usual motion for new trial was made and overruled, defendant has brought the case before us for review.

There are several assignments of error which raise, according to defendant's brief, four propositions of law, which we will consider as seems advisable. The first is whether or not there was sufficient evidence to justify the jury in finding that the realty in question was the separate estate of Cora A. Marley. Without discussing the evidence on this point at length we are satisfied it was sufficient to go to the jury, and that the instructions of the court on that point were not erroneous. *Jones* v. *Rigdon,* 32 Ariz. 286, 257 Pac. 639.

The second proposition is whether or not the jury should have had the fourth interrogatory submitted to them, or whether the question covered by it was a matter of law for the court. In order that we may answer this question properly, we must first state certain of the undisputed facts of the case.

J. W. Marley was the husband of plaintiff, while N. H. Marley and R. S. Marley were her sons. These three were engaged in the sheep business in northern Arizona. They became indebted to defendant and to the Arizona State Bank of Winslow, and in order to secure said indebtedness executed first a mortgage in the sum of $31,500 to the Arizona State Bank of Winslow, and some time thereafter another mortgage in the sum of $26,000 in favor of the defendant. Both of these mortgages covered the property affected by the present action. Some time thereafter and on April 30th, 1922, after three days' discussion leading up thereto, the husband and sons of plaintiff executed a certain agreement referred to as Exhibit A. Thereafter plaintiff brought this suit.

In her complaint she alleged, after setting up the execution of the two mortgages for $26,000 and $31,-

500 aforesaid, and that the $26,000 mortgage, together with a certain chattel mortgage for $40,000, was accepted in payment of the $31,500 mortgage, that the $26,000 mortgage had also ceased to be a lien on her property by the terms of Exhibit A aforesaid.

It is the contention of defendant that plaintiff relied upon the terms of the written agreement set up as showing a release and satisfaction of the $26,000 mortgage, and that as there was no claim that said agreement was in any way ambiguous in its terms, its construction was a matter of law for the court, and not of fact for the jury, and that the court erred: First in admitting parol evidence as to the intention of the parties on the question of whether or not the lien of the $26,000 mortgage should be extinguished by said agreement; and, second, in submitting the question of their intention to the jury at all. Plaintiff in her brief states, however:

"*We were not interpreting a written contract.* It was not a question as to whether the contract attempted to release, but that the contract showed the transactions alleged up to the *absolute independent oral promise* and acts of the party showing the intention to release these mortgages." (Italics ours.)

We have examined the abstract of record carefully, and think that it shows the case was not tried in the lower court on the theory of any independent oral promise. Certainly nothing in the pleadings suggests such an agreement. An objection was made to the introduction of any oral testimony tending to change, alter, or interpret the contract, and counsel for plaintiff expressly disclaimed any intention of claiming any ambiguity in its terms. Further, all the evidence offered in regard to an alleged oral agreement of the parties goes to acts, declarations and discussions before the contract was signed, and such are merged in the written contract. *Valentine* v. *Shepherd,* 19 Ariz. 241, 168 Pac. 643. This view is confirmed by an

examination of the instructions requested by plaintiff and defendant and those given by the trial court. Nowhere therein is there any suggestion that there was a contemporaneous, independent, parol agreement, but merely that the parties intended certain things by the agreement, Exhibit A.

It is the rule in this jurisdiction that the parties may not try the case in the lower court upon one theory and present it upon appeal to this court upon another. *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461; *Arizona Power Co.* v. *Racine-Sattley Co.,* 13 Ariz. 283, 114 Pac. 558; *Dey* v. *Hill,* 20 Ariz. 466, 181 Pac. 462.

Parol evidence as to the intention of the parties therefore was not admissible as an aid to the interpretation of the written contract, Exhibit A. *Valentine* v. *Shepherd, supra.* It is the general rule of law that the interpretation of a written contract is a matter for the court and not for the jury, unless it is ambiguous in its terms, or unless there is a plea for its reformation. *Wadin* v. *Czuczka,* 16 Ariz. 371, 146 Pac. 491; *Rebeil* v. *Manning,* 17 Ariz. 111, 149 Pac. 59; *Kreig* v. *Hammels,* 29 Ariz. 280, 240 Pac. 1031.

In this case plaintiff did not ask for a reformation of the written contract, expressly disclaimed any contention that its terms were ambiguous, and by her complaint and her evidence offered on the trial relied upon its terms as modified by oral statements and promises made by defendant's agents prior to and leading up to its execution.

We are of the opinion that the trial court erred in admitting any evidence of these prior oral conversations, and in submitting to the jury the fourth interrogatory. It should have taken the contract, Exhibit A, and interpreted it as a matter of law, then applied such law to the legal evidence before it and the answers to the interrogatories properly submitted to the jury, if approved by the court.

The assignments of error under the third proposition of law are not well taken, as there was testimony sufficient to go to the jury on the question as to whether the $31,500 mortgage was paid by the $26,000 realty mortgage and the $40,000 chattel mortgage on April 2d, 1921, and the instructions on that point correctly stated the law. In view of what we have said, we need not discuss the fourth proposition.

For the foregoing reasons the judgment of the superior court of Maricopa county is reversed and the cause remanded for a new trial in accordance with the views expressed herein.

ROSS, C. J., and McALISTER, J., concur.