[Civil No. 4191.  Filed June 17, 1940.]

[103 Pac. (2d) 457.]

CLEO LEE and W. GLENN LEE, Her Husband, Appellants, v. STANDARD CEMENT PIPE COMPANY, a Corporation, Appellee.

Messrs. Gust, Rosenfeld, Divelbess, Robinette & Coolidge, for Appellants.

Mr. H. M. Van Denburgh, for Appellee.

ROSS, C. J.—The Standard Cement Pipe Company, a corporation, brought this action in replevin against

defendants Cleo Lee and W. Glenn Lee, her husband, to recover the possession of an 18-inch steel jacket used in connection with a cement pipe machine to make cement pipe, or the value of such equipment. The complaint contains the usual allegations necessary in an action in replevin. Defendants answered denying plaintiff's ownership and right of possession and alleged that such equipment belonged to defendant Cleo Lee and that she was entitled to its possession. Defendants also counterclaimed that defendant Cleo Lee was the owner and entitled to the possession of a 36-inch steel jacket, used in making cement pipe, of which plaintiff had wrongfully taken possession, and asked for its return, or for its value. The allegations of this cross-action were denied by plaintiff.

Upon the issues thus formed the court found in favor of plaintiff and against defendants and cross-complainants and entered judgment accordingly; hence this appeal.

The defendants have assigned eight errors as occurring in the trial, and they all involve the correctness of the court's rulings on the admission of evidence offered and received to prove plaintiff's title to the above-described equipment.

It appears from the evidence that Cleo Lee was the owner of a manufacturing plant, located at 400 S. 16th Avenue, Phoenix, which was engaged in making cement pipe. She also owned some equipment, used for the same purpose, located at Coolidge, Pinal county. On October 14, 1938, she sold to the Standard Construction Company (plaintiff's predecessor in interest) both plants, giving separate bills of sale, for $500 and the assumption by plaintiff of certain obligations against the Phoenix plant. She had purchased the Phoenix plant from L. H. Woolsey and wife on conditional sales contract and the description of the property in such conditional sales contract was, by plain-

tiff's attorney, copied into the bill of sale from Cleo Lee to plaintiff's predecessor as the property sold to plaintiff, and such description did not include the 18-inch and 36-inch equipment here in controversy. Such equipment was commingled with the Woolsey equipment and used in common with other like equipment at the Phoenix plant to manufacture cement pipe, and the plaintiff continued, after the 14th day of October, 1938, to use all of the equipment, including the 18-inch and 36-inch jackets, until on or about December 4, 1938, when defendants, in the absence of plaintiff's employees, took possession of the 18-inch jacket and moved it into their garage. When this happened, the plaintiff removed from the Phoenix plant the 36-inch jacket and commenced this action to recover the possession of the 18-inch jacket.

The court, over the objections of defendants, permitted the plaintiff to introduce evidence to the effect that it was the intention of plaintiff to buy, and the defendant to sell, all of the equipment of the Phoenix plant, and that the 18-inch and 36-inch steel jackets were omitted from the bill of sale by mistake or accident. This ruling, the defendants contend, violates the parol evidence rule. We think this contention, under the facts of the case, is right. The bill of sale describes with considerable particularity the different pieces of personal property intended to be sold. It lists, item by item, the property covered by the Woolsey conditional sales contract and recites: "this sale is made subject to a certain conditional sales contract," between the seller (Cleo Lee) and Woolsey and wife, of the same property.

We think the law of evidence, as to varying the terms of a bill of sale, is well stated in 22 Corpus Juris, 1096, sections 1451, 1452, as follows:

"(Sec. 1451). c. Bills of Sale—(1) In General. The great weight of authority places bills of sale or

sale notes on the footing of other written instruments, with respect to the admission of parol evidence to vary the same, and therefore hold that such an instrument cannot be varied, added to, contradicted, or explained by parol or other extrinsic evidence. On the other hand it has also been held that a simple bill of sale does not embody the preliminary or essential terms of a contract in such a way as to exclude parol evidence. These authorities, however, are not necessarily conflicting but may be explained by the following distinction: In so far as a bill of sale partakes of the nature of a receipt or is simply declaratory of a fact, it may be explained or perhaps contradicted; but to the extent that it expresses the contract of the parties and defines their rights and liabilities, it is subject to the same rule as other written contracts and precludes the admission of parol or extrinsic evidence.

"(Sec. 1452.) (2) Property Included. The conclusive effect of a bill of sale extends to the statements therein as to the property included and the description thereof, and as to these matters the instrument cannot be contradicted or varied. But the recital of a bill of sale as to the number of articles included therein, and to be delivered pursuant thereto, does not estop the purchaser to deny that he received that number."

It seems to us that, where it appears on the face of a bill of sale that the parties carefully described the property intended to be conveyed, the rule against allowing parol evidence to be submitted to enlarge such description to include other property should be enforced, especially in the absence of any allegation that such other property was omitted by mistake or through accident or fraud. This, we think, accords with the rule adopted and followed by this court as to written contracts in general. *Valentine* v. *Shepherd,* 19 Ariz. 241, 168 Pac. 643; *Merchants & Stock Growers Bank* v. *Marley,* 33 Ariz. 294, 264 Pac. 471; *Pleasant* v. *Arizona Storage & Distributing Co.,* 34 Ariz. 68, 267 Pac. 794; *Wallace* v. *First Nat. Bank,* 39 Ariz. 451, 7 Pac.

(2d) 586; *Dover Copper Min. Co.* v. *Doenges*, 40 Ariz. 349, 12 Pac. (2d) 288.

If the case had been tried on the theory that no bill of sale was required under the law to transfer the title of this personal property from the defendant Cleo Lee to the plaintiff or its predecessor, and that delivery thereof by the defendants to the plaintiff constituted complete performance, it, perhaps, would not be necessary to reverse the case and direct a new trial. However, the plaintiff itself introduced the bills of sale and then undertook to show, without any allegation of mistake or accident, that, although the two jackets were not mentioned in the bills of sale, they were included in the sale.

We think the judgment should be reversed and the cause remanded with directions that the defendants be granted a new trial. It is so ordered.

LOCKWOOD and McALISTER, JJ., concur.